## The State v. Chopin.

The charge of the Court to the jury should not be excepted to generally. The objectionable parts should alone be noted.

The accused asked for instructions to the effect that a person believing his life to be assailed and in immediate danger from another, is excusable in law in resisting and killing a third person who interferes to disarm him forcibly with a view to bring about a fight without weapons, between accused and another, after being warned to stand off, *Held*: the instructions make the party's justification depend upon a mere belief of imminent danger, without stating that there should be reasonable grounds of belief; nor do they present the case of a third person confederating with the first assailant, or aiding him to make a dangerous assault upon the accused, which would be necessary to sustain his plea of self-defence. The refusal to give the instructions was proper.

The wrong doing of a third person who interferes in a fight between two, not to prevent, but to encourage it, will not excuse either of the combatants for killing him.

APPEAL by defendant from the District Court of Pointe Coupée, *Cooley*, J. *Morse*, (Attorney General) for the State. *Farrar* and *Provosty*, for defendant and appellant.

SPOFFORD, J. The defendant, *James D. Chopin*, has appealed from the judgment of the District Court, for the parish of Pointe Coupée, whereby he was sentenced to seven years' imprisonment in the penitentiary, for the crime of manslaughter, in killing *James Vaughan*.

Upon the trial, his counsel requested the Judge to reduce his charge to the jury to writing. This was done, and the charge covers several pages of the record. It is learned and elaborate, and, in our view, was not erroneous to the

prejudice of the appellant, in the only part which has been objected to in the argument, of his counsel,

STATE
v.
CHOPIN.

The defendant took a bill of exceptions to the entire charge without specifying in the bill any particulars wherein it was complained of. We do not wish to be understood as countenancing this practice. It is calculated to embarrass, if not to defeat, the administration of justice. The attention of the District Judge should be called to those parts of his charge which are deemed objectionable, that he may have an opportunity to explain them if misunderstood or modify them if erroneous, or, at any rate, assign his reasons for making the charge in the form objected to.

We think that the Judge did not err in refusing to give the 2d and 3d instructions asked for by the prisoner's counsel. They were to the effect that a person believing his life to be assailed and in immediate danger from another, is excusable in law in resisting and killing a third person who interferes to disarm him forcibly, with the view to bring about a fight between the other two without weapons, after being warned to stand off.

There are two objections to the instructions asked. They make the party's justification depend upon a mere belief of imminent danger, without stating that there should be reasonable grounds for such belief; and again, they do not present the case of a third person confederating with the first assailant or aiding him to make a dangerous assault upon the accused, which would be necessary to sustain his plea of self defence.

We are also of opinion that the Judge did not err in refusing to give the 1st, 5th and 6th instructions asked by the counsel of the accused.

They tended to establish the doctrine that the wrong doing of a third person who interferes in a fight between two, not to prevent, but to encourage it, will excuse either of the combatants for killing him, because his death, in that case would be the result of his own illegal act.

This doctrine would be a dangerous innovation upon the law, which, in its regard for the sanctity of human life, will not excuse the slaying of a wrong doer, unless the wrong is of such an enormous nature as to render the killing to all appearances necessary; but the circumstances put in the bills of exceptions do not disclose such an apparent necessity in the present case.

The 4th bill of exceptions appears to have been abandoned in argument. The Judge did not err in qualifying his instructions as therein stated. 3 Greenleaf's Ev. § 129.

Before going into trial, the prisoner moved for a continuance to procure the testimony of one *Durham*, and in his affidavit set forth the facts which he expected to prove by him. Thereupon the attorney for the State agreed to admit that if the witness were present he would testify to the facts alleged in the affidavit, and the accused waived his motion for a continuance, and went to trial. The affidavit was offered in evidence by the prisoner, but on the objection of the counsel for the State, the Court refused to permit the following allegation which formed a part of it, to go before the jury as evidence, viz : " That *Durham* was present, and, from what he saw, considered that affiant was acting in self defence throughout."

This refusal of the Judge is the subject of the last bill of exceptions tendered by the prisoner's counsel.

There was no error in the ruling. The admission was that the witness, if present would testify to the facts alleged in the affidavit. This was not a waiver

of legal objections to such portions of the evidence as would be incompetent were the witness on the stand. The witness' opinion of the law of self defence was not competent evidence and was properly rejected.

For the reasons already assigned, we think the motion for a new trial, so far as it is subject to the review of this tribunal, was correctly overruled.

It is, therefore, ordered and decreed that the judgment of the District Court be affirmed with costs.