## No. 9651.

### THE STATE OF LOUISIANA vs. DENNIS BOYD.

Opinion based on conversations is no ground for challenge of a juror when the juror states that he can try the case according to the law and the evidence, taking the law from the court and the evidence from the sworn witnesses, and do exact justice, regardless of such opinion.

Where the defendant has attempted to impeach the testimony of witnesses for the State, the latter may support the same by evidence character for veracity and integrity.

When the term of the district court has been fixed and begun two weeks before the session of the Circuit Court, and the accused has been tried and convicted before the beginning of the latter term, and when, having no business, the Circuit Court does not meet, the district court violates no law in continuing its term for the purpose of disposing of motions for new trial, etc., and passing sentence on the convicted defendant.

When a defendant has been once arraigned and has pleaded to an indictment on a former trial, re-arraignment is unnecessary, and if made, it is no objection that the case has been previously set for trial.

APPEAL from the Second District Court, Parish of Bossier. *Drew*, J.

*M. J. Cunningham*, Attorney General, *J. A. W. Lowery*, District Attorney, and *M. C. Elstner*, for the State, Appellee.

Defendant unrepresented.

The opinion of the Court was delivered by

FENNER, J. The defendant, under sentence of death for murder, is unrepresented by counsel in this Court. We have, therefore, given to the charges of error presented on the face of the record, that close and careful scrutiny which the gravity of his situation merits.

1. We find a bill of exceptions to the overruling by the judge of a challenge for cause of a juror on the ground of fixed opinion. After some statement as to an opinion formed by him from conversations with citizens living in the neighborhood of the occurrence, not profess-

ing to have been witnesses however, the juror stated emphatically "that he could go into the jury-box as a juror sworn to try this case according to the law and the evidence, taking the law from the court and the evidence from the witnesses under oath, and do exact justice between the State and defendant, *regardless* of any opinion on his mind at this time."

Unless the judge disbelieved this statement, which he did not, there was no ground for challenge. State vs. Ford, 37 Ann. 443; State vs. McGee, 36 Ann. 206; State vs. Foster, Id., 877; State vs. DeRance, 34 Ann. 187; State vs. Dugay, 35 Ann. 327; Proffatt on Jury Trial, § 186.

2. The exception to the ruling of the court in admitting testimony as to the character for truth and veracity of two of the State's witnesses, is not good under the circumstances of this case, where the judge states that on cross-examination of other witnesses, the counsel for defendant had attempted to impeach or invalidate their evidence. We think this brings the case within the rule laid down by Greenleaf and supported by the weight of authority: "Where evidence of contradictory statement by a witness or of other particular facts is offered by way of impeaching his veracity, his general character for truth being thus in some sort put in issue, it has been deemed reasonable to admit general evidence that he is a man of strict integrity and scrupulous regard for truth." 1 Greenleaf Ev. § 469.

It would have been more satisfactory if the judge had stated, with greater peculiarity, the character of the previous attempt to impeach; but we must assume that it supported his ruling in absence of anything to show the contrary.

3. The objection to the legality of the term of court on the ground that it conflicted with the term of the Circuit Court was untimely and untenable. The term had been called and opened two weeks prior to the beginning of the term of Circuit Court and accused had been tried and convicted. At the time when the Circuit Court should have opened, nothing remained but to dispose of motions in arrest or for new trial and to pass sentence. It was only at this time that the objection was raised. But, whatever objection might exist to the continued session of the court during a term of the Circuit Court, is disposed of by the fact that the latter court had no business and held no session. No conflict, therefore, arose, and neither Art. 99 of the Constitution or Act 7 of 1880 were violated.

4. The objection that he had not been arraigned before fixing of the case for trial, is disposed of by the fact that it was urged only after trial. Besides, he had been arraigned and had pleaded to the indict-

ment on a former trial and re-arraignment was unnecessary. State vs. Johnson, 10 Ann. 456; see also State vs. Kane, 32 Ann. 999.

Other objections to the regularity of the proceedings in drawing the venire being urged for the first time on motion for new trial, are too late, and they have otherwise no merit.

After careful examination of all the points suggested by the record, we are satisfied that no aid of counsel could have benefited defendant and he must submit to his fate.

Judgment affirmed.