## No. 1148.

### THE STATE OF LOUISIANA VS. WHITE MAJOR.

The complaint of an accused that he was refused further time to prepare a motion for new trial five days after conviction, cannot be entertained.

Such matters are within and must be left to the sound discretion of the trial judge.

It is not only the right but the duty of the trial judge to order the correction of the minutes of his court so as to make them conform with the true facts as they occurred.

APPEAL from the Twentieth District Court, Parish of Lafourche. *Beattie*, J.

---

*M. J. Cunningham*, Attorney General, and *E. A. O'Sullivan*, District Attorney, for the State, Appellee:

Every court has the power to correct its minutes so as to conform to the facts, and such corrections can be made after appeal taken. 31 Ann. 388, 407, 557; 32 Ann. 1229; 33 Ann. 135; 34 Ann. 370; 35 Ann. 852.

A party who is brought up for sentence five days after conviction, is not entitled to further delay to prepare and file a motion for new trial.

Applications for such delays are addressed to the sound discretion of the trial judge, and his action thereon is not to be reviewed unless manifestly unjust. If any time intervened between verdict and sentence, appellant must show special reason why more was needed.

*J. S. Billiu* for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J. This appeal is from a conviction of breaking and entering in the night time a dwelling house with intent to kill, and from a sentence of imprisonment at hard labor for life; it presents two complaints by bills of exceptions.

1. The defendant complains that he was refused a reasonable extension of time to prepare and present a motion for a new trial.

The facts are that he was convicted on the 12th of April, on which day the judge announced that he would pass sentence on the 17th of that month.

On that day the defendant moved for further time for his motion, and his request was, in our opinion, very properly refused.

There is no merit in the complaint; and members of the bar may rest assured that all attempts to induce this Court to interfere with trial judges in the exercise of their legal discretion, can prove of no avail to their clients.

2. The defendant next complains of an order of the judge on motion of the district attorney, directing the clerk to amend the minutes of the court after the order of appeal had been granted.

In the light of our jurisprudence, the mere statement of the complaint is its best answer.

The minutes of his court are absolutely under the control of the judge, and corrections of the same, so as to make them conform with the facts as they occurred, is not only permissible but it is imperative when the attention of the court is called thereto. State vs. Mason, 32 Ann. 1018; State vs. Teissier, 32 Ann. 1227; State vs. Cox, 33 Ann. 1056.

The trivial character of the grounds supporting this appeal justifies the conclusion that the accused has had a remarkably fair and impartial trial.

Judgment affirmed.