State vs. Fruge.

---

No. 10,949.

STATE OF LOUISIANA VS. JOSEPH Z. FRUGE.

| 44 | 165 |
| 47 | 478 |
| 44 | 165 |
| 48 | 81 |

State may offer evidence of the good reputation for truthfulness of its own witness, in case his veracity is attacked by defendant's counsel in course of his cross-interrogation.

APPEAL from the Thirteenth District Court for the Parish of St. Landry. *Lewis, J.*

*W. H. Rogers, Attorney General,* for the State Appellee.

*Thomas H. Lewis, L. Dupre* and *E. P. Veazie* for Defendant and Appellant.

The opinion of the court was delivered by

WATKINS, J. From a conviction of grand larceny and sentence to six months' imprisonment, at hard labor, the defendant appeals.

In this court he has made no appearance by counsel or otherwise, and we find in the transcript but one bill of exception which requires notice; and it appertains to the ruling of the judge below permitting the State to introduce proof confirmatory of the reputation for truth-

fulness of the *single* witness offered by and relied upon by the State to establish the guilt of the accused—defendant's objection being that the veracity of a witness offered can not be supported and strengthened by proof of good reputation for truthfulness until his veracity has been assailed.

Conceding the correctness of the rule invoked, the trial judge held that this case was an exceptional one, in this, that while the *single* witness for the State was under cross-examination by defendant's counsel an effort was made to impair, if not destroy, the witness' credibility by interrogating him with reference to his having been theretofore prosecuted for a similar offence; and admitted the testimony over objection.

In so doing we are of opinion that the ruling was correct, and the testimony properly admitted, because the case for the State might otherwise have been left in a crippled condition at its submission, without a further opportunity to repair it.

This ruling is strictly in keeping with that we approved of in State vs. Boyd, 38 An. 374, and it was based on 1st Greenleaf of Sec. 469.

Judgment affirmed.