## No. 11,880.

### STATE OF LOUISIANA VS. JEAN MONCEAUX.

If the record fails to show that the defendant was present during the trial, the record may be amended so as to supply the omission.

Evidence which is irrelevant and admitted without objection, can not be corroborated by the testimony of another witness when objected to.

A PPEAL from the Eleventh Judicial District Court for the Parish
of Acadia.. *Perrault, J.* ·

*M. J. Cunningham*, Attorney General, and *E. B. Dubuisson*,
District Attorney, for Plaintiff, Appellee.

*E. P. Veazie* and *Charles W. Duray* for Defendant, Appellant.

Submitted on briefs, on original hearing, November 9, 1895.
Submitted on briefs, on rehearing, January 11, 1896.
Opinion handed down November 18, 1895.
Opinion on rehearing handed down January 20, 1896.

The opinion of the court was delivered by·

McENERY, J.  The defendant was indicted for shooting with in-
tent to murder while lying in wait, convicted of shooting with intent
to murder and sentenced to hard labor for twenty years.  He ap-
pealed from the judgment and sentence.

There is only one bill of exception in the record.

It recites that while the defendant was on the stand in his own
behalf, he stated that parties in the interest of the prosecution
were "forging evidence against him," and gave as an instance,
that one Benoit, a friend of the prosecution, had come to the jail
where he was confined, and declared to him that he would make the
state witness Homere Monceaux swear to whatever he chose
against him.  This testimony went to the jury without objection;
but the District Attorney put at issue the truth of this statement
and rigidly cross-examined the defendant.  In the course of the
cross-examination it was shown that Benjamin Rodrigues was pres-
ent and heard this declaration made by Benoit.  The defendant's
counsel then announced that for the sole purpose of supporting the
testimony of the accused upon this point, which had been impeached
by the cross-examination, he would place upon the stand Benjamin
Rodrigues.  The jury retired, and Rodrigues was called and swore
to the fact stated by the defendant.  The counsel for defendant
then proposed to put the testimony of Rodrigues before the jury.
This was refused by the court for the reason that "if an irrelevant

or inadmissible fact happens to go to the jury without objection by the testimony of one witness, said fact should not be allowed to be proved by another witness, when objected to, simply because the first witness happened to be impeached by cross-examination."

It does not appear from the bill that the credit of the witness for truth and veracity was impugned; but that he was cross-examined as to a fact stated by him, which was irrelevant and collateral to the issue. The only object of calling Rodrigues as a witness was to show that the accused had stated truthfully this fact.    It was immaterial testimony and could have no bearing on the case, and there was no reason why, in this respect, the defendant should be corroborated.

Had the bill shown that Homere Monceaux had been sworn as a witness, and that Benoit had taken an active part in the prosecution, or in any way influenced the testimony of Monceaux, the testimony of the defendant when considered in relation to these facts might have been considered material and important and the testimony of the rejected witness would be permitted to go to the jury. The absence of any such statement in the bill and the ruling of the District Judge are conclusive to our minds that no such state of facts existed, and that the declaration of Benoit was an idle threat, which was not attempted to be carried into execution.

Judgment affirmed.

### ON REHEARING.

The opinion of the court was delivered by

BREAUX, J. A rehearing was granted in this case.    To the Attorney General, when the rehearing was granted, was allowed the right to apply for the necessary process to correct the record in accordance with the facts.

It was assigned as error that the record did not show that the prisoner was present when the jury was sworn and empaneled. Availing himself of the authority granted by the court to correct the record, the Attorney General obtained a supplemental transcript from the clerk of the District Court and had it filed as part of the transcript on appeal.

It is now made manifest that the defendant was personally present at all the periods of the prosecution requiring him to be personally present—i. e., he was present in open court with his counsel at the

arraignment, the empaneling and swearing of the jury and through-out the trial.

There is no possible ground upon which to sustain the writ of error. No other defence was urged on appeal.

It is ordered and adjudged that the sentence and judgment are af-firmed.