*1013 The opinion of the court was delivered by
Breaux, J.
An information was filed against the defendant for the crime of iuflicting a wound less than mayhem.
The section under which he was prosecuted was 794 of the Revised Statutes amended by Act 17 of 1888.
The accused was convicted and sentenced to the penitentiary. He relies on two bills of exceptions. The third not being referred-to in the brief, we judge, was abandoned.
We will take them up for decision in the order they are presented in the brief of counsel.
The first bill of exception was taken to the ruling of the court overruling a motion in arrest of judgment. The ground of the motion was, the information did not describe an offence known to the law; that the information was fatally defective, for the pleader did-not use the word “feloniously,” though it was necessary to designate the offence as a felony.
The language of the accusation is in the words of the statute that the defendant did “wilfully” and “maliciously” with and by means of a certain dangerous weapon, to-wit, a shotgun, inflict a wound less than mayhem. This is all that is required in an information charging one with having committed the. crinqe here charged. It was not a felony at common law.
In this State it is a statutory offence, not denounced as a felony by the statute, and not of such gravity and character as render it necessary to class it as a felony.
The statute has, in effect at least, dispensed with the use of the word “ feloniously ” in indictments and informations, and has substituted the words “wilfully ” and “ maliciously.” This, we think, is an answer to the argument of counsel that in the United States any offence which is or may be punishable by State prison is a felony, citing a number of decisions. It was within the power of the Legislature to substitute one term of description for another.
Inflicting a wound less than mayhem is punishable under the law when inflicted wilfully and maliciously. This was the offence charged in the indictment.
In the case of the State of Louisiana vs. Watson, 41 An. 598, the defendant was indicted for “feloniously” inflicting a wound less than mayhem and the words “wilfully” and “maliciously” were omitted from the indictment.
*1014 The court decided that not only “feloniously” was not an equivalent, but that it was meaningless. Here the essential words “wil-fully” and “ maliciously ” to a description of the offence were used and the information properly charged the offence.
The second bill of exception raised the question of authority on the part of the court to make corrections of the minutes.
The facts on this point are that the District Attorney asked leave to file an information against the accused for shooting and wounding.
This was manifestly an oversight.
The contention of defendant’s counsel is that inasmuch as leave to file an indictment is a condition precedent to its filing under the law, such condition precedent should be observed; that it was not observed when the District Attorney obtained leave to file an information for “ shooting and wounding,” a crime unknown to the laws of this State.
We understand from the record that leave to file the information was asked, but that an error was committed by the prosecuting officer in his statement of the offence described in the indictment. It remains that the court did order the clerk to file the information presented. The fact that the error found its way into the minutes did not preclude the court from ordering a proper correction of the minutes so as to make it appear of record that the information which had been filed after leave had been granted was the information read to the accused when he was arraigned and the information upon which he was tried.
The error of the prosecuting officer did not lessen the effect of the order which was given to file the information he presented to be filed.
We quote from State vs. Gates, 9 An. 94: “It is well settled that whenever errors or omissions in ministerial acts in criminal proceedings are satisfactorily shown, they may be amended at anytime.” Citing a number of decisions in support of the rule.
It is therefore ordered and adjudged that the judgment appealed from is affirmed.