BREAUX, J.
The defendant, Charles Tasby, was indicted by the grand jury of the parish of Bossier on the 27th June, 1902, and on the same day the court ordered the finding recorded and process to issue, for the alleged murder of Will Johnson, in that parish, on the 25th day of June, 1902.
Pie was arraigned on the 29th of January, 1903. He pleaded “Not guilty.” He was put on his trial on the 5th day of February, 1903, and was found guilty as charged, whereupon he asked for a new trial on the ground that the verdict was contrary to law and the evidence. After hearing, the motion for a new trial was overruled.
Defendant then prayed the court for an appeal, which was granted. The grounds of the appeal are brought up before us in a bill of exception taken during the trial, setting forth that “defendant offered to prove the communication of threats (made by the deceased against the life of the defendant, without having first shown an overt act on part of the deceased to carry his threats into execution; the object being to show the absence of malice, and thus reduce the crime from murder to that of manslaughter.”
This offer to prove threats was objected to by the prosecuting officer on the ground “that the proper basis had not been laid.”
“Objection sustained by the court. Wherefore defendant excepts, and retains this his bill of exception.”
The court inserted the following recital in the bill of exception:
“The effort was to prove threats by the deceased, and their communication to the defendant, and the dangerous character of the deceased. The evidence was not allowed, because there was no overt act nor effort of any kind at the time of the killing to carry any threats which might have been made into execution. The deceased was standing between the plow handles, in the field, when he was shot by the defendant, and was not even looking at him, but was talking to a third person, in an opposite direction from the defendant.”
*124 This is substantially every particle of the bill of exception as reserved.
The narrative portion of the bill, as presented to be signed, recites (to again copy from the bill): “Defendant offered to prove the communication of threats made by the •deceased against the life of the defendant, without having first shown an overt act on the part of the deceased to carry his threats into execution.”
After recital of the prosecuting officer’s objection follows the statement of the judge, whereby it does not appear that any testimony was adduced showing an. “overt act” by the deceased.
We are not informed that there was any other testimony introduced, save that stated by the district judge.
Granted that there was other testimony, no objection was made to the statement of the district judge as erroneous. The record discloses nothing to lead us to infer that it was otherwise than as recited by the trial judge in the bill of exception; that is, that no foundation had been laid by proof of an overt act. Threats are inadmissible unless proof be first given that there was an overt act of attack. Wharton, Criminal Law, § 757.
In two cases of recent date this court held that evidence of threats made by the deceased a short time prior to the killing is not admissible until foundation thereof is made by proof of an overt act showing that it was the purpose to carry out the threat. State v. Perioux, 107 La. 601, 31 South. 1016; State v. Baptiste, 108 La. 586, 32 South. 461.
In the last-cited ease the defendant was condemned to suffer the extreme penalty of the law, as in the case before us for decision. The defendant offered to prove, not threats, but the dangerous character of the deceased, which is governed by similar rule as relates to admissibility. The objection was that the foundation had not been laid. The court excluded the testimony offered to prove dangerous character of the deceased, and sustained the objection.
The judge’s statement that there was no such proof offered was accepted as correct.
In the case before us for decision, it is not urged that there was the least attempt toward proving an overt act.
The defendant was represented by counsel in the lower court. We have not been favored with a brief for defendant in this court.
We, after a careful examination of the issues, found no ground upon which to set aside the verdict, sentence, and judgment of the court.
For the reasons assigned, the law and the evidence being with the state and against the defendant, it is ordered, adjudged, and decreed that the verdict, sentence, and judgment are affirmed.