Statement of the Case.
MONROE, J.
Defendant, having been convicted of murder without capital punishment, and duly sentenced, presents his case to this court on a bill of exception to the refusal of the trial judge to permit the following question to be asked of a witness on the stand, to wit:
“Did deceased, Richmond Smith, the day before the homicide, state to you that he intended killing said defendant, John West Davis?”
The question, according to the statement of counsel, as recited in the bill, “having been asked for the sole purpose of showing who the aggressor was, at the time of the homicide; the deceased having run defendant out of his gambling house with a pistol in his hand, and stated that, if he (the defendant) returned, he (the deceased) would kill him,” and having been objected to by the district attorney, “because no overt act by the deceased had at that time been shown.” The statement per curiam is:
“The evidence showed that defendant had drawn his pistol on deceased, who took it from him and drove him from the house, which was deceased’s place of business. Defendant went off, and got a weapon, saying that he was going to ‘fix’ or ‘kill’ deceased. He then returned to deceased’s place of business, opening fire on him as soon as he entered the door. Being no question in the mind of the court as to who was the aggressor, and being no overt act on the part of deceased, the court refused the evidence.”
Opinion.
We are of opinion that a case such as this (whereby, from the statement of the trial judge, it appears that there is no question as to who was the aggressor) falls within the rule, long- established m this state, *266 that the finding of the trial judge is conclusive on the question whether, by proof of an overt act on the part of the deceased, a proper basis has been laid for the introduction of evidence as to prior threats by him. State v. Ford, 37 La. Ann. 443; State v. Golden, 113 La. 802, 37 South. 757; State v. Davis, 123 La. 133, 48 South. 771; State v. Miller, 125 La. 254, 51 South. 189. In the cases of State v. Lindsay, 122 La. 375, 47 South. 687; and State v. Barksdale, 122 La. 788, 48 South. 264, there were no witnesses to the homicides, and the question, “who was the aggressor?” was necessarily presented, and had to be determined by such evidence as was available, circumstantial or otherwise.
Dr. Wharton indicates the distinction between the two classes of eases as follows:
“And, as a general rule, threats made by the deceased against the accused, whether communicated or uncommunicated, unless accompanied or immediately followed by such a real or apparent demonstration of an immediate intention to execute them as would naturally induce a reasonable belief that the person threatened would lose his life or suffer serious bodily harm, are not admissible in evidence in a prosecution for a killing, to justify it, when not a part of the res gestes, there being no question as to who was the aggressor. * * * Threats by the deceased against the accused are inadmissible, unless it is proposed to show that * * * there was a question in the case as to whether the deceased was the aggressor, or made hostile demonstrations tending to induce the belief, upon the part of the accused, that he was in peril of life or limb or grievous bodily harm.” (Italics by the court.) Wharton on Homicide (3d Ed.) pp. 402, 403, § 243.
Judgment affirmed.