(57 South. 906.)

No. 19,246.

STATE v. PULLEN.

(Feb. 26, 1912.)

*(Syllabus by the Court.)*

1. HOMICIDE (§ 264*) — EVIDENCE — DANGEROUS CHARACTER OF DECEASED.

The question of whether a sufficient foundation has been laid to introduce evidence to show an overt act on the part of the deceased, and to show the dangerous character of the deceased, is one largely in the discretion of the trial judge; and his decision will not be interfered with, except when there is a clear showing of error on his part.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 558; Dec. Dig. § 264.*]

2. HOMICIDE (§ 332*) — EVIDENCE—DANGEROUS CHARACTER OF DECEASED—REVIEW.

The trial judge who hears the witnesses and notes their appearance and manner of testifying is competent to pass upon the weight to be given their testimony, and is not necessarily controlled by the number of witnesses on each side; and this court will not say that his appreciation of the weight of evidence was false, unless made to clearly appear so from the record, and only when such a showing amounts to manifest error.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. §§ 699–704; Dec. Dig. § 332.*]

3. INDICTMENT AND INFORMATION (§ 169*)— ISSUES—EVIDENCE—FUGITIVE FROM JUSTICE.

It is not necessary to negative prescription in the indictment by alleging a state of facts to show that the accused was a fugitive from justice; and this latter fact may be shown on the trial without alleging it in the indictment.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 320, 535; Dec. Dig. § 169.*]

4. WITNESSES (§ 361*) — IMPEACHMENT — REBUTTAL.

A witness whose evidence is sought to be impeached may meet such an attempt by proof of his reputation for truth and veracity.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1165, 1167–1175; Dec. Dig. § 361.*]

5. INDICTMENT AND INFORMATION (§ 11*) — RETURN—AMENDMENT—PAROL EVIDENCE.

It was competent for the court to permit the clerk to amend his minutes, so as to show the date on which the indictment had been returned. Parol evidence is always admissible to cure the omission of a ministerial act in criminal proceedings.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 62–75; Dec. Dig. § 11.*]

6. CRIMINAL LAW (§ 1090*) — APPEAL—BILL OF EXCEPTIONS.

This court will not pass on a ruling of the lower court in a criminal proceeding, unless a formal bill of exceptions has been reserved and filed; as the defendant failed to reserve a bill to the refusal of the trial judge to grant a new trial, this court cannot review his ruling.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2653, 2789, 2803–2827, 2927, 2928, 2948, 3204; Dec. Dig. § 1090.*]

Appeal from Eleventh Judicial District Court, Parish of Natchitoches; Samuel J. Henry, Judge.

Jeff Pullen was convicted of manslaughter, and appeals. Affirmed.

Scarborough & Carver, for appellant. Walter Guion, Atty. Gen., and W. A. Wilkinson, Dist. Atty. (G. A. Gondran, of counsel), for the State.

BREAUX, C. J. The defendant, Jeff Pullen, was indicted by the grand jury of Natchitoches parish, on the 7th day of December, 1911, for the alleged murder of Henderson Jones in that parish on the 1st day of November, 1904. He was put on his trial on the 7th day of December, 1911, and on that day he was convicted of manslaughter, and his punishment was assessed at 10 years in the penitentiary.

He reserved a number of bills of exceptions. In the first, it is stated that the accused sought to prove by two witnesses, to wit, the accused himself and a Frank Morris, that, at the time of the shooting, the deceased had drawn a pistol and was advancing on the accused.

The state examined Kennedy Wade to prove that this was not true, and that, at the time of the shooting, the deceased was not armed.

[1] The accused, assuming that sufficient foundation had been laid to admit testimony of an overt act by the deceased, then tendered a number of witnesses who were willing to testify that the deceased was a bad and a dangerous man. Whereupon the district at-

torney objected to the admissibility of this testimony.

The trial court was not of opinion that an assault had been made, as witnesses had testified that no assault had been made; but, on the contrary, the accused made search for the deceased and when he met him provoked the trouble; and, furthermore, that, when the defendant, Pullen, was testifying he was asked if he knew Henderson Jones' character and reputation, to which he replied that he did not.

The court's ruling at the time was that, before the dangerous character of the deceased can be proven, it must be made to appear that an overt act was made, and that the prisoner knew of the dangerous character of the deceased.

We are of opinion that the court's ruling was correct. It was for the trial judge to pass upon the issue and to decide whether proper foundation had been laid, in order that the deceased might offer testimony of an overt act.

The following are pertinent decisions on the subject: State v. Ford, 37 La. Ann. 443; State v. Perieu, 107 La. 606, 31 South. 1016; State v. Golden, 113 La. 801, 37 South. 757; State v. Feazell, 116 La. 264, 40 South. 698; State v. Davis, 123 La. 133, 48 South. 771; State v. Miller, 125 La. 254, 51 South. 189; State v. Davis, 127 La. 263, 53 South. 558; State v. Tasby, 110 La. 122, 34 South. 300.

It has been decided in two or three of the decisions above cited, in which the question was at issue, that the judge's ruling will not be disturbed on appeal, in the absence of positive and convincing evidence of error. ·

We have reviewed the testimony at the time, our attention was attracted by the statement of the trial judge, before noted, that witnesses had been heard in the case who said that former witnesses had testified positively that no assault had been made by the deceased, thereby directly contradicting plaintiff as a witness and his witness Mor-

ris. The testimony of these other witnesses is not before us. They were not recalled in order to have their testimony taken, as might have been done if defendant had asked for their return to the witness stand, in order to have their testimony down to be reviewed on appeal. This was not done. In State v. Dan Benjamin, 127 La. 518, 53 South. 847, witnesses were recalled to be cross-examined.

In the present case, it does not appear that the defense sought to have witnesses recalled, or to have anything said by witnesses taken down, other than the evidence which is before us, and which does not prove that the trial judge erred.

The present case is more conclusive for the state, for the reason that, considering the issues without reference to the witnesses that had already testified, the foundation does not appear to have been laid.

[2] The trial judge can be trusted in deciding that the testimony of one witness was of more weight, in his opinion, than the testimony of the accused and a witness who testified for the accused. The court did not believe the accused, and stated, in substance, that the defense's witness, Morris, is unworthy of belief. He and the accused, as witnesses, did not impress the court evidently.

The number of witnesses is not always controlling, but the appearance of witnesses, their manner of testifying, their apparent sincerity, and other traits of character which are considered in forming an opinion of witnesses' testimony.

Not having found error in the ruling, we take up the next point stated. It was, in effect, that the state proved that the accused became a fugitive from justice in order to interrupt prescription. The defense urges that the indictment contained no allegation of defendant having become a fugitive from justice, and objected to the evidence offered to prove the asserted fact.

[3] The court correctly overruled the ob-

jection. Evidence of flight is admissible, although prescription is not negatived in the indictment. It may come up on the merits as going to show guilty apprehension. State v. Beatty, 30 La. Ann. 1266; State v. Dufour, 31 La. Ann. 804; State v. Harris, 48 La. Ann. 1189, 20 South. 729; State v. Middleton, 104 La. 233, 28 South. 914; State v. Austin, 104 La. 410, 29 South. 23; State v. Nash, 115 La. 719, 39 South. 854.

The next bill of exceptions relates to the alleged attempt made, as set forth in the bill of exceptions, to impeach the testimony of an important witness. The contention on the part of the defense was that there was no attempt made on the part of the defense to impeach the witness, and that it was not in accordance with the rules of evidence to introduce testimony with the view of giving some force to the testimony of the witness.

The statement of the court that there was such an attempt made by defendant to impeach the witness for the state is positive and direct.

The following is the statement of the trial court forming part of the bill of exceptions: The objection was overruled by the court for the following reason: Said Wade was contradicted by the defense's witness, Frank Morris, and the accused himself, and the attorney for the accused proclaimed loudly that he had many witnesses to impeach Wade, and when objected to by the district attorney the court forced the district attorney to put Wade back upon the stand, so that proper foundation for an impeachment could be made, and, in the presence of the jury, several witnesses were sent for and called to impeach.

One of the bills of exceptions shows that if the witness for the state swore to the truth the witness Wade swore to a falsehood.

[4] A witness whose evidence is sought to be impeached may meet such an attempt, as in this case, by proof of his reputation for truth and veracity. State v. Boyd, 38 La. Ann. 374; State v. Fruge, 44 La. Ann. 165, 10 South. 621; State v. Desforges, 48 La. Ann. 73, 18 South. 912.

We pass the next bill of exceptions, numbered 4; it has no force according to the statement of the trial judge. It was founded in error on the part of the defense; that which the defense thought was denied to it was permitted by the trial judge, who adds:

"This is an error as the objection was overruled, and the witness was allowed to testify fully upon the subject."

The objection was made by the state, which the trial judge states he did not sustain, as the defense thought, but the court overruled it.

The next point urged on the part of the defense was that the court permitted the clerk to amend the minutes in accordance with the motion of the district attorney, so as to show that which did not before appear in the minutes that the indictment was returned by the court on the 1st day of December, 1904.

[5] The objection was properly overruled, as parol evidence is admissible to cure errors of a ministerial act in criminal proceedings. State v. Gates, 9 La. Ann. 94; State v. Major, 38 La. Ann. 642; State v. Lewis, 39 La. Ann. 1110, 3 South. 343; State v. Monceaux, 48 La. Ann. 101, 18 South. 896; State v. Grandison, 49 La. Ann. 1012, 22 South. 308; State v. Perry, 51 La. Ann. 1074, 25 South. 944.

The motion for a new trial is not before us. No bill of exceptions was taken as to that motion.

[6] The court will not review or pass on the ruling of the lower court in a criminal case, except where the objection and ruling are set forth in a formal bill of exceptions. State v. Given, 32 La. Ann. 782; State v. Nelson, 32 La. Ann. 842; State v. Williams, 35 La. Ann. 742; State v. Constock, 36 La. Ann. 309; State v. Jackson, 37 La. Ann. 467; State v. Rodrigues, 45 La. Ann. 1041, 13 South. 802.

There is not sufficient ground to reverse the verdict.

For reasons stated, the verdict and judgment are affirmed.