Statement of the Case.
MONROE, C. J.
This case, ordered up for review in the exercise of the supervisory jurisdiction of the court, presents the question whether the evidence adduced in a prosecution, under Act 189 of 1912, tried before the judge, without a jury, was sufficient to authorize relator’s conviction, and the refusal of the judge to grant a new trial.
The act in question makes it an offense for any parish officer, or subordinate officer, to draw any money, directly or indirectly, from the parish treasury, other than his fees, salary per diem, and mileage, or to deal in parish warrants, claims, or paper; and it appears that on April 28, 1921, three indictments were returned against relator, a police juror of ward 3, Calcasieu parish, charging him with having knowingly and willfully, on three several occasions, to wit, April 14, 1919, March 2, 1920, and May 4, 1920, drawn money from the treasury in violation of that act, the indictments as filed in the district court having taken the numbers 10331, 10330, and 10332 of the docket, respectively, and showing on their faces that the offenses charged in the indictments 10331 and 10330 had been committed more than a year before the indictments were filed, and hence that those prosecutions were, apparently, prohibited by section 986 of the Revised Statutes, which declares that—
“No person shall be prosecuted, tried or punished for any offense [certain felonies excepted] unless the indictment or presentment for the same be found or exhibited within one year next after the offense shall have been made known to a public officer having the power to direct the * * * prosecution.”
The prosecuting officer realizing the situation, in drawing the two indictments last mentioned, incorporated in one of them (No. 10330) the following allegation, to wit:
“That the statutory prescription of one year has not run against said offense for the reason that same was not made known to any officer, or officers, of the law, having the power or authority to direct public prosecution thereof, until on or about the 1st day of April A. D. 1921.”
In the indictment 10331 the name of the month (when the offense became known) does not appear in the last few words of the paragraph as above quoted, which read, “about the 1st day of A. D. 1921.” According to the minutes of the court, the three cases “were consolidated for the purpose of trial, and for *571 all other purposes”; and defendants, having been convicted upon the three charges, moved for a new trial, for the purposes of which the following admissions and agreement was placed on record, to wit:
“Agreement between the state and defendants as to the'facts which form the basis of motion for new trial.
“It is admitted and agreed that Judge Jerry Cline, trial judge, who is now and has been district judge for more than four years, and Mark C. ■ Pickerel, assistant district attorney since October 15, 1919, were sworn, and testified, on the trial of the above numbered and entitled 'cases, that the offenses in which the state negatived proscription in the indictment had not been brought to their attention or knowledge before the dates of the finding of the bills of indictment.
“It is further admitted and agreed that Judge Winston O.verton, who was one of the two district judges (Judge Jerry Cline being the other), is a member of the constitutional convention, ' and, at the time of the trial, was temporarily residing in the city of Baton Rouge, and he was not summoned by the state to appear, and ho did not appear, as a witness.
“It is further admitted and agreed that J. Sheldon Toomer, ex district attorney, and Henry A. Reid, ex-sheriff, both residents of the city of Lake Charles, and holding their respective offices during the time alleged, were nqt placed-.on the stand as witnesses, by- the state, in the matter of negativing prescriptions; that the district attorney, Griffin T. Hawkins, Jr., who was. conducting the case for the state, was assistant district attorney until October 15, 1919, being.the date of his resignation, and did not testify in the ease.
“It is further admitted and agreed that, upon the resignation of Griffin T. Hawkins, Jr., as assistant district attorney, Mark C. Pickerel was appointed to that office and immediately thereafter a'ssumed the duties thereof.
“It is further admitted and agreed that the above ex-officer’s absence was not accounted for.” " '
The respondent judge, by way of answer, alleges, in substance, that the consolidation of the eases was not intended to change the law;' that he did not consider that the agreed statement excluded the remainder of the recordthat it is binding only as to the facts therein set out, and that, in passing upon the motion for new trial, based upon the allegation that the verdict is contrary to law and the evidence, he was bound to consider the entire record; that the question whether the allegations of the indictments negativing prescription were sufficiently sustained by the evidence was to be answered by the trier of the facts — in this instance, the judge — whose findings upon that point, from relevant evidence, is not subject to review either on appeal or otherwise; that, in holding that the negativing of prescription is an essential part of the charge (where, on its face, an indictment does not appear to have been returned within the prescription period), this court had no intention of interfering with the jury in the exercise of its function of determining whether the evidence adduced was sufficient to sustain that part, or any other part, of the charge; that any evidence tending to prove or disprove prescriptions was admissible, and any evidence. bearing upon that question was to bo considered by the court; that the direct testimony, though the most obvious, was not the only competent', evidence; and that the evidence adduced convinced the court that the officers had no knowledge of the commission of the offense charged until within a few days of the filing of the bills; that it was established that the police jury warrants, upon which the charges were based, were drawn by the accused in the form of statements of amounts due for road work in his ward; that they were approved by the claims committee, of which he was a member; that they were taken, with many others, to the treasurer’s office, and there numbered and listed; that they were, there, delivered to the accused; that the ostensible pas'ees were illiterate negroes who received, eventually, only a portion of the amounts of the warrants; that, by arrangement with the Calcasieu Bank, “tbe bank cashed the warrants for their holders, advancing to the parish the funds necessary, and holding the warrants until their subsequent redemption *573 by the parish; that the warrants, in this ease, were so held until a .few weeks, before the filing of -the bills in those cases, when they were redeemed and turned over to the parish authorities; that an audit, under the direction of the supervisor of public accounts, was instituted in March of this year” (1921), “and that the Regularities charged were discovered at that time. There were no means of discovery except by an audit, and not then, unless the auditor had possession of the warrants. Added to this circumstantial evidence is the oral testimony set out in the statement of facts. The assistant district attorney had been in office during nearly all of the prescription period, and in personal charge of the records of the office; the district judge, presiding' in these cases, has throughout the prescription term been in intimate personal and official relations with bis colleague, Judge Overton. It is most improbable that tbe district attorney or Judge Overton could bave known of tbe offense.”
Respondent then makes a comment upon a certain passage in the opinion of this court in the Bischoff Case, 146 La. 772,-781, 84 South. 41, to the effect that it was not thereby intended to make it imperative that all the officers mentioned should be called in order to negative a prescription apparent on the face of an indictment; and, after quoting a paragraph from the opinion on rehearing, in the same case, to the effect that the question there presented was not one of the sufficiency of the evidence, with which this court would he unable to deal, but a question' of exemption, vel non, from the obligation to offer any evidence at all, the return proceeds as follows:
“It is submitted that the evidence recounted is sufficient basis upon which a reasonable man might found a verdict; that the question raised by the writ is not one of law, but only of fact; that the fact has been determined and the finding is subject to review by your honorable court only in case it shall be found, in the exercise of tbe court’s supervisory jurisdiction, that the evidence is plainly inadequate to convince a man of reasonable judgment.”
Opinion.
The answer of the respondent raises a question of jurisdiction which' seems to take-precedence and will be first considered.
[1] The Constitution contains the follow.ing provisions, pertinent to that-qffestion:
“Art. 179. * * * The jury in ail', criminal cases shall be the judges of the law and of the facts, on the question of guilt of innocence, having been charged as to the law applicable totbe case by the presiding judge.”.
“Art. 116. * * * All cases' in 'which tbe punishment may not be at hard labor shall * * * be tried by the judge, without a jury..
“Art. 85. The Supreme Court, except as hereinafter provided, shall have appellate jurisdiction only, which jurisdiction. • shall ■ extend * * * ■ to criminal eases on questions. of law alone, whenever the punishment of death or-imprisonment at hard labor máy be inflicted, or a finding exceeding $300, or. imprisonment exceeding six months, is actually, imposed.” ,
“Art. 94. 'The Supreme Court shall have control and general supervision over all "inferior courts. The court, or any justice thereof, shall-have power to issue writs of certiorari, prohibition, mandamus, quo warranto, and other remedial writs.”
When, therefore, the state. undertakes to-prosecute under an indictment which, charges an offense committed more than.a year pri- or to its finding, it proceeds in violatipn of a prohibitory law, unless it makes allegation, that the offense was not made known, within the year, to any public officer having the power to direct the investigation . or . prosecution; and that allegation must be proved by the prosecutor, as well as made. State v. Bischoff, 146 La. 748, 84 South. 41. That tile question whether' it has been proved, in a given case, is one for the jury .to determine, seems to be well settled, as may be seen from the authorities referred to in the cited ease (146 La. 781 et seq., 84 South. 41). In other words, it is regarded as a question of .fact, to be determined by the jury. But where, as *575 in this instance, the trial judge is vested with jurisdiction of the entire case, he is necessarily authorized to decide all questions arising therein, including those which would otherwise be decided by the jury; and it would follow that, if this ease were before us on appeal, we should be unable to deal with the question under consideration, since it is undisputed that the question involved is one of fact, and the appellate jurisdiction of this court, in criminal cases, as conferred and limited by article 85 of the Constitution, extends to “questions of law alone.” The jurisdiction conferred by article 94 is, however, wholly distinct from that conferred by article 85, being “the control and general supervision of all inferior courts,” with no limitation whatever; the purpose of the grant (as heretofore construed) being to prevent a denial of justice oy any court in the state, and to afford relief where the law has provided none by the ordinary means, and justice and reason require that a remedy be found for a wrong or an abuse of whatever nature. State ex rel. Murray v. Lazarus, Judge, 36 La. Ann. 578. In the exercise of the jurisdiction thus conferred, we conclude that it is competent for the court to consider and determine questions such as are here presented, in an unappealable criminal case, upon an application to that effect, in which the facts are fully disclosed, either by a transcript of the evidence attached to the petition, or, as here, by the averments of the petition considered in connection with the answer of the judge, and we have the less hesitation in so holding, in that this case will thereby be brought into a more harmonious relation with what appears to be an established jurisprudence to the effect that, in the exercise of its appellate jurisdiction, and upon conditions similar to those above stated, the court will review the rulings of a trial judge up on the question of the sufficiency of evidence offered to prove an overt act, as laying a foundation for evidence (on behalf of one charged with the unlawful killing of another) showing threats by or dangerous character of, the decedent. State v. Golden, 113 La. 803, 37 South. 757; State v. Feazell, 116 La. 264, 40 South. 698; State v. Rambo, 117 La. 78, 41 South. 359; State v. Lively, 119 La. 364, 44 South. 128; State v. Davis, 123 La. 133, 48 South. 771; State v. Tomsa, 126 La. 688, 52 South. 988.
[3] We, however, concur with the trial judge in his finding of the facts in this' ease and in the views expressed in his answer upon the several incidental questions which are presented, to wit:
We know of no law which defines “consolidation,” as applied to two or more criminal prosecutions, and are of opinion that the agreement to consolidate in this instance should not be so construed as to deprive either litigant, in either case, of any substantial right.
[4] The agreed statement of facts, herein, should be limited in its application to the facts specified, and cannot be construed to exclude from the consideration of the court any facts disclosed by the evidence and important to the decision to be rendered.
[2] We do not understand the opinions in the Bisehoff Case, 146 La. 748, 84 South. 41, or either of them, to announce it as an inflexible rule that the only evidence, whereby it can be proved that the officers referred to in R. S. § 9S6, were informed of the commission of an offense more than a year before the beginning of the period required to bar its prosecution, is that of the officers themselves; in fact, it may be that some of the officials mentioned in the opinion are not included among these indicated in the statute; and we think it reasonable to hold that, if it be shown, as it has been in this case, by testimony other than their own, or by circumstances, that the officials so indicated could not have obtained the information in ques *577 tion earlier than they are said to have done, for the reason that it was not obtainable at an earlier date, the requirement of the statute is met.
So far as we are advised, no attempt was made on behalf of the defendant to show that the history of the vouchers on which he is prosecuted had been other than as stated by the respondent judge, or that it could have been known, prior to their audit, and that, as audited, they constituted the evi-' donee of the offenses with which he is charged. As to the case No. 10382, it appears on the face of the indictment that the offense charged was committed within the year preceding the return of the indictment into court.
Upon the whole, we find no error in the ruling complained of, and it is therefore ordered and decreed that applicant’s demands be rejected and this proceeding dismissed at his cost.