State vs. Parce.

No. 9323.

THE STATE OF LOUISIANA VS. WITTY PARCE.

The following question propounded in a case of murder, by the district attorney to a lead-
ing State witness, not shown to be an unwilling witness, is amenable to the two-fold
objection of being a leading question, and also as intended or calculated to elicit from
the witness an expression of opinion, and not a statement of facts within his know-
ledge, from which the jury alone is authorized to draw inferences, or to form deductions:
"Would the defendant, after having struck the deceased with a rail, have had time to
pull his knife out of his pocket, open it and cut the man when he did ?" As framed the
question is suggestive of the answer expected from the witness. Besides, the witness
should have been asked questions on facts which could assist the jury in drawing their
own inference—but the witness could not be permitted to give his own theory from the
facts which he knew.

APPEAL from the Tenth District Court Parish of Red River.
Hall, J.

M. J. Cunningham, Attorney General, for the State, Appellee.

Egan & Egan for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J.   Convicted of murder, the defendant appeals from a sen-
tence of death, and complains that he has not had a fair and impartial
trial.

1. We shall first treat of the following complaint:

His counsel charge error in the ruling of the trial judge, who over-
ruled their objection to the following question propounded by the
district attorney to the leading State witness, and not an unwilling
witness: "Would the defendant, after having struck the deceased
with a rail, have had time to pull his knife out of his pocket, open it
and cut the man when he did ?

The question was assailed as illegal on two grounds:

1. That it was leading.

2. That it was intended to elicit an opinion from the witness, and
not the statement of a fact from which the jury alone could draw an
inference or form an opinion.

It appears from the record that the theory of the State was, that
when the accused entered into an altercation with the deceased, he
had already drawn and opened his knife, a circumstance which tended
to show premeditation and malice. The contention of the defense on
the other hand, was in support of the theory that the accused drew
and opened his knife only during the altercation, as a circumstance
which tended to rebut or disprove the charge of malice aforethought.

As malice is of the essence of murder, it will be at once perceived, that the answer to the question propounded was of vital importance in the case.

As we have already stated, the witness on the stand was the most important witness on behalf of the State, not an unwilling witness and was being interrogated by the State's attorney. A careful analysis of the question satisfies our minds that it was objectionable under the circumstances, as a leading question.

To an ordinary witness it was strongly suggestive of the answer expected of him by the prosecuting attorney.

As worded and shaped, it was pregnant with the negative proposition, that during the space of time which intervened between the blow inflicted by the accused on the deceased with a piece of rail, and the cutting, the accused could not have had, and had not had, the time. "to pull his knife out of his pocket and open it." The intimation was so strong that the witness could not have been mistaken as to the nature of the answer expected of him.

As to the second ground of objection, we consider that it is still stronger, and that it should of itself have been considered sufficient to exclude the question.

The answer which could have been given by a simple "no," would have contained an opinion of the witness, on which the State would have had sufficient foundation to have rested her whole theory of a preconceived intention of the defendant to use his knife for the purpose of killing the deceased.

It is argued that time is a question of fact, and that witnesses are universally allowed to state facts concerning time—or their approximation of the length of time which has intervened between certain acts. But, in this case the witness was not questioned as to time, but as to the possibility in a man to perform two distinct operations; to pull a knife out of his pocket and to open it, during the time intervening between two other and distinct acts.

The fact which the State was seeking to establish by the witness, could have been reached by other and strictly legal questions. For instance, he might have been asked whether he had seen anything, besides the rail in the hands of the accused when he struck the deceased with that rail, or he might have been asked how long a time elapsed between the blow with the rail and the act of cutting with the knife. From the answer given to the question, the district attorney could have argued in support of his theory, and the jury could have drawn their own inference or made their own deductions.

The rule on this subject is clearly defined by Mr. Greenleaf in the following language : "Witnesses, except in certain cases hereafter to be mentioned, are to be examined only as to matters of fact within their own knowledge, whether they consist of words or actions. Inferences or conclusions which may be drawn from facts are ordinarily to be drawn by the jury alone," "except when the conclusion is an inference of skill or judgment." Vol. 1. Sec 434. The rule has been applied in the sense which we adopt, in previous decisions of this Court.

Thus in the case of State vs. Ross, 32 Ann. 854, the following question was ruled to be improper and unwarranted : " Was the discharge of Scott Ross' pistol accidental, or did he fire off the same on purpose? " In ruling on the point the court said : "To enable the jury to come to a correct conclusion on this point, it was proper that every fact, incident and circumstance connected therewith, should have been proved ; but it was not competent to assist them in their conclusion by showing what the witness thought on the subject before them in their conclusion on this point. The question was clearly objectionable." Poutz vs. Jones, 21 Ann. 726 ; McConnell vs. New Orleans, 15 Ann. 415 ; State vs. Brunetto, 13 Ann. 45.

Our conclusion is, therefore, that the question propounded was amenable to the two-fold objection, which was levelled against it, and that the proceeding must have been injurious to the accused.

We note the judge's statement that the answer had already been given when the objection was made, and that it came too late. This is an error. The judge must rule on the objection when made, and if he finds it supported by law, he must inform the jury that the question was improper, and that the answer which it had elicited was not before them as evidence in the case. State vs. Davis, 34 Ann. 351. It appears from the bill that the objection was made as soon as the defendant's counsel could seize the import and bearing of the question, and as soon as he could rise to his feet.

This reason of the judge is manifestly an after-thought, for in point of fact he did rule on the merits of the objection, and he held the question as legal and proper.

From the foregoing considerations, we are forced to conclude that the accused is entitled to relief at our hands.

The record contains numerous other complaints, but under the views which we have taken of the case, they lose all practical importance, although several of them appear to us as serious. But, as they are not likely to recur in the subsequent proceedings, which will follow this

opinion, we find it unnecessary to pass upon them. We must state, however, that we have maturely considered the very able and exhaustive charge of the judge, in connection with several bills of exception taken by his refusal to give certain special charges suggested by counsel for the accused and that we find no error on that score.

It is therefore ordered, that the verdict of the jury be set aside and that the judgment appealed from be annulled and reversed, and that this case be remanded to the lower court for further proceedings according to law.