*1190 The opinion of the court was delivered by
Breaux, J.
Isaac Harris was indicted for murder in 1891.
He was tried in 1896 and convicted of manslaughter. Prom a sentence to hard labor in the penitentiary for a term of ten years he prosecutes this appeal. (He is not in this court represented by counsel.)
The questions for review are presented in two bills of exceptions.
The first was taken to the ruling of the trial judge permitting the District Attorney to propound the question whether he had searched for the accused.
The lapse of time between the date of the alleged crime and the trial suggests of itself the propriety of inquiring and even searching for the accused.
The objection was made, it is stated by the judge in the bill of exceptions, after the sheriff had sworn that he could not find the accused at his domicile at the time the crime was committed. This statement of the sheriff having been made without objection, as shown by the bill of exception, it was proper to introduce proof of the sheriff’s action in the endeavor to obtain the presence of the accused.
Proof of flight-, though not conclusive of guilt, is admissible as ground from which to infer consciousnes of guilt.
The weight of the evidence may be greatly reduced under certain circumstances; it is none the less admissible. The admissibility of the proof of flight, as one of the presumptions of guilt, is not limited to secret crimes, as was contended in behalf of the accused on the trial. The proof is as admissible where the deceased was killed publicly, in the presence of witnesses, and the plea is self-defence, as where the crime was secretly committed.
The second bill of exceptions was taken to the refusal of the new trial. The accused in the motion for a new trial detailed a number of facts that he urged, should have convinced the jury of his innocence.
The bill of exception was based on the motion for a new trial, which was annexed to the bill.
The grounds were substantially that the verdict was contrary to the law and the evidence.
To review the decision of the court below, a ease must be presented by a bill of exceptions disclosing all that is essential to that end.
*1191 Here the evideuce is not embodied in or made part of 'the bill of exceptions, and is therefore not before us.
The allegations contained in the motion for a new trial were not evidence in the case, and that is all that was brought up for our examination.
If they were evidence and properly before us for review, they present only questions of fact, not reviewable on appeal.
These bills of exceptions set forth the only grounds. The verdict and judgment must be affirmed.
They are affirmed.