No. 13,718.

STATE OF LOUISIANA VS. JOHN MIDDLETON.

SYLLABUS.

An objection to testimony as to the flight of the accused is not one of admissibility, as it necessarily goes to the effect, and must be decided by the jury.
An objection that the accused was tried under the provisions of the constitution of 1898 for an offense for which he was indicted in 1896 is not good if the trial was under exactly similar provisions of the law of 1880 and 1879.

APPEAL from the Second Judicial District, Parish of Bossier—
Watkins, J.

Walter Guion, Attorney General, and T. T. Land, District Attorney, (Lewis Guion, of Counsel), for Plaintiff, Appellee.

Smith & Webb, for Defendant, Appellant.

The opinion of the court was delivered by

WATKINS, J. The indictment charging that the defendant did "wilfully and feloniously shoot Henderson Green with a dangerous weapon with intent him, the said Henderson Green, then and there, to kill and slay," etc., was found and returned into court on the 29th of January. 1896, but a trial was only had on the 23rd of October, 1900, by a jury of five, who found him guilty of shooting with intent to kill; and he

was sentenced to imprisonment at hard labor, and from said verdict and sentence, he has appealed.

The two questions presented for decision are (1) was proof of flight on the part of the State, competent evidence of guilt; (2) was the conviction by a jury of five in 1900 valid and legal, the indictment having been found prior to the adoption of the Constitution of 1898.

I.

From the defendant's bill of exceptions, in relation to the testimony objected to, we gather the following facts, viz:

On the trial of the case, the State offered to show that the defendant had forfeited his bond, and become a fugitive from justice; to which the defendant objected, for the reason, that the evidence was irrelevant, flight, the act being shown to have been done in the presence of witnesses, could not be evidence of guilt, which objection was overruled; the court remarking "that the evidence was admitted to go to its effect—flight being a presumption of guilt"; to which ruling and remark the defendant excepted.

The judge states that "when the counsel for defendant objected to the State proving the flight of the defendant, he did not give as a reason that the offense was committed in the darkness of the night; but some witnesses being near, claim to have seen and recognized the accused. The defendant endeavored to show that the occurrence could not have been seen by these witnesses on account of the darkness. The court overruled the objection made by the defendant to the evidence offered by the State to prove that the defendant had fled from the State, holding and stating, in support of the ruling as a general legal proposition, that flight is a presumption of guilt. While this ruling was made in passing on the admissibility of the evidence, which was in the presence of the jury during the trial, when the charge was given to the jury, the court stated to the jury that the Supreme Court had held in the case of State vs. Melton, 37 Ann. 77, that it was in cases of which there was concealment, etc., that flight was admissible to be shown, and that in cases where the crime was committed openly in the presence of witnesses, it did not raise a presumption of guilt."

From the opinion of the court in State vs. Melton, *supra*, we make the subjoined extract, viz:

"Mr. Wharton lays down the rule on the subject in the following words: 'When a suspected person attempts to escape or evade a threatened prosecution, it may be argued that he does so from a consciousness of guilt, and though this inference is, by no means, strong enough by itself to warrant a conviction, yet it may become one of a series of circumstances from which guilt may be inferred.' Wharton's Cr. Ev., Sec. 750.

"It is obvious that the presumption applies to cases where the crime has been secret, and the connection of the accused with it is to be established by circumstantial evidence."

Both the general principle announced by Wharton and the deduction therefrom by the court are pertinent to the question at issue, and sustain the ruling of the trial judge.

Whether the flight of the defendant contemporaneously with the commission of the crime charged was open and notorious or stealthy and secret, seems to have been the only open question; and we think that the objection of admissibility not well taken, but that the testimony was admissible, the weight and sufficiency of same being left to the jury under the charge of the court.

## II.

On the second proposition which is raised in a motion in arrest of judgment, the contention of defendant's counsel is that he was entitled to a trial under the provisions of the Constitution of 1879 and that the trial had and verdict rendered under the provisions of the Constitution of 1898 were not valid or jurisdictional, and were, therefore, illegal and void.

There is nothing in the record to show on what grounds the trial judge overruled the motion, but counsel states that he ruled that the defendant was entitled to a trial under the Constitution of 1879, but that under Act 35 of 1880, a jury of five could try the case. On this question the Attorney General says:

"We are not prepared to urge that Act No. 35 of 1880 is still in force, but we *do* hold that as the defendant could have been tried under the Constitution of 1879 by a jury of five persons, no injury has been done him by his being tried as he was, by a jury of a like number, under the express terms of Article 116 of the Constitution of 1898. Under the Constitution of 1879, the defendant did not have the right to insist

absolutely on a jury of twelve persons, and could have been tried by a jury of five, under Act No. 35 of 1880. Since, therefore, he had no absolute right to be tried by a jury of twelve persons, and could have been tried by a jury of five persons, we submit that he has no cause to complain that he was tried by a jury of five, the number prescribed by the Constitution of 1898. He has suffered no injury."

The Constitution of 1879 provided that "in cases where the penalty is not necessarily imprisonment at hard labor or death, the General Assembly may provide for the trial thereof by a jury of less than twelve in number," etc. Const. 1879, Art. 7.

In pursuance of that provision, the Legislature passed a law authorizing trials in such cases by juries of five. Act 35 of 1880.

It seems to be both reasonable and logical that defendant's claim to a trial under the foregoing provisions of the Constitution of 1879 necessarily draws to it his liability to trial by a jury of five under the Act of the Legislature of 1880 putting same in force.

For if the Constitution of 1898 did not supplant the one, it certainly did not supersede the other. The two must stand or fall together.

For the purposes of the argument it may be conceded that the claim of the defendant is correct, but nothing is gained thereby. For if the provisions of the Constitution of 1879, which are relied upon, must be considered as still in force *pro hac vice,* so must the provisions of the Act of 1880. They must stand or fall together.

There is an essential difference between the instant case and that which was presented in State *ex rel.* Sherburne vs. Judge, 50th Ann. 1247, in which the defendant was tried *without a jury.*

In State vs. Ardoin, 51st Ann. 169, it was held that the provision of Article 116 of the Constitution of 1898 "substituting the concurrence of nine of the jury for the unanimity of the jury of twelve required prior to the adoption of that Constitution to convict for crimè, is *ex post facto* legislation, in so far as it applies to offenses committed prior thereto."

But in the instant case, the trial was by five jurors just as under the Act of 1880; and, indeed, so far as the record discloses, it may well be assumed that the trial was had under the Act of 1880.

Hence there is no merit in the objection urged, and no substantial legal right of the accused has been violated.

Judgment affirmed.