No. 13,661.

## STATE OF LOUISIANA VS. ROBERT AND WILLIAM AUSTIN.

### SYLLABUS.

1. In a murder trial, as part of its testimony to establish the killing *by the accused,* it is competent for the State to ask the sheriff, on the stand as a witness, as to the *place* of arrest—the purpose being to prove flight.
2. It is proper for an accused person, who takes the witness stand in his own behalf, to state the facts transpiring just prior to and at the time he killed the deceased, and the further fact that because of these circumstances he entertained then and there the belief that he was (or in this instance his brother was) about to be killed by the deceased, and acted under that belief when he, himself, shot the deceased.
3. But for the defense to go further and enter upon the enquiry as to the nature and character of this belief is not allowable because matter of opinion and trenching upon the domain of the jury.

A PPEAL from the Fifteenth Judicial District, Parish of Calcasieu —*Miller, J.*

*Walter Guion,* Attorney General, *Joseph Moore,* District Attorney, (*Lewis Guion,* of counsel) for the Plaintiff, Appellee.

*Robert L. Belden* for Defendant, Appellant.

The opinion of the court was delivered by

BLANCHARD, J. Indicted for murder and found guilty without capital punishment, defendants appeal from a life sentence at hard labor.

The grounds relied upon for reversal are found in two bills of exception taken during the trial.

The first raises objection to this question propounded to the sheriff of the parish, who was upon the stand as a witness for the prosecution, viz:—

"Where did you arrest William Austin—at or in what parish?"

The contention of the defense is that the purpose of this enquiry was to prove flight, and that the same was not admissible in evidence on a charge of murder where the fact of killing is not denied. It is averred that the question was calculated to prejudice the minds of the jury.

In his reasons, set forth in the bill of exceptions, for overruling the objection, the trial judge states that at the time the objection to the testimony was made the State had not closed, the defense had adduced no evidence, and had not, up to that time, admitted the killing.

It would thus seem that when the objection under consideration was raised, the State was seeking to prove its case under the indictment, on , the issue tendered by the plea of "not guilty."

To make out its case, the fact of killing *by the accused* must be proved. *Non-constat,* that when the accused came to administer their proof the fact of killing would be admitted.

As part of its testimony to establish the killing by the accused, or by one of them, the question as to the place of arrest of William Austin was asked the sheriff. Granted that the purpose of the enquiry was to prove flight. It was, at the time and under the circumstances of the asking, clearly admissible. State vs. Dufour, 31 La. Ann. 804; State vs. Harris, 48 La. Ann. 1189; Wharton, Cr. Ev. 750.

And we find nothing in State vs. Melton, 37 La. Ann. 79, cited *contra,* in conflict with this view.

The second bill was reserved to the ruling of the court sustaining the State's objection to a question propounded to William Austin, one of the accused, while on the stand as a witness for the defense.

Counsel for defense states the question thus in the bill:

"Was your opinion or belief about Boutyette killing your brother positive or negative"?

The trial judge states the matter thus in his reasons for sustaining the objection: "Accused, William Austin, * * * had testified he had shot and killed Chas. H. Boutyette because he (William Austin) believed his brother Robert Austin would be killed by Boutyette, and was then asked whether or not he had acted negligently in forming and adopting this belief. To which question the district attorney objected on the ground it sought to elicit the opinion of the witness, and was sustained by the court for the reason that an answer responsive to the question would be the opinion of the witness and improper because it

was for the jury to determine from all the facts and circumstances whether the belief had been negligently adopted."

This ruling of the judge was correct.

The question was an improper one. The witness having stated that he had shot and killed the deceased because he believed his brother and co-defendant was about to be killed by the deceased, it was for the jury to determine the *reasonableness* of this belief, so entertained, or of this fear, so felt, of the existence of such peril on the part of the brother as would excuse the killing, and they (the jury) are to determine this from all the facts and circumstances then appearing as adduced in evidence.

Pender vs. State (Florida), 8 So. Rep. 840; State vs. West, 45 La. Ann. 14.

It was not for the accused witness to say he had not negligently, or carelessly, or on insufficient grounds formed his belief or opinion that his brother was then about to be killed, but that he had formed it deliberately, positively, with care and circumspection, and then acted.

What it was proper for him to state were the facts transpiring just prior to and at the time he killed the deceased, and the further fact that because of these circumstances he entertained then and there the belief his brother was about to be killed by the deceased, and acted under that belief when he, himself, shot the deceased.

But for the defense to go further and enter upon the enquiry as to the nature and character of this belief, whether negative or positive. whether reasonable or unreasonable, whether strong or weak, whether sufficient or insufficient, is not allowable.

This was trenching upon the domain of the jury. State vs. Parce, 37 La. Ann. 270; State vs. Ross, 32 La. 856; 1 Greenl. on Ev., § 434.

Judgment affirmed.

Rehearing refused.