ALEX JONES, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. An application for a continuance upon the ground of the absence of a witness must show that the applicant has exercised due diligence to procure the attendance of the witness.

2. Denial of a motion for continuance will not be reversed by an appellate court unless there has been a palpable abuse of discretion, clearly and affirmatively shown by the record.

3. A statement made in the order of a trial court as to a matter in pais will be presumed to be correct, unless the contrary is made clearly apparent.

4. A statement or declaration of a person charged with crime is not rendered inadmissible in evidence against him by the mere fact that it is made after the commission of the crime. If it tends to show a guilty intent it is admissible, for the guilty intent of a party may be shown by his acts, conduct and declarations, before, at the time of, or after the commission of a criminal act.

5. The opinion of a witness, except as to the matter regarding which expert testimony is competent is not legitimate evidence as to any matter that may be reproduced before the jury. It is the province of the jury to deduce its own conclusion from facts of common experience, uninfluenced by the opinion of any witness on those facts, especially where such opinion is sought on facts given in the testimony of another witness.

6. A question asked a non-expert witness, seeking to elicit his opinion as to what must have been the necessary position of the hand and pistol of the person who shot another in a particular manner, where the witness did not see the person who shot, or the hand that held the pistol when it was shot, is properly excluded.

7. Where alleged error in giving two or more charges asserting distinct propositions of law is made the basis of a single ground of a motion for a new trial, alleging generally that the court erred in giving such charges, and excepted to under and by virtue of an exception to the denial of the motion for new trial, this will be regarded as a general exception to the giving of the charges, and will not be further considered than to determine that any one charge was correct.

Writ of error to the Circuit Court for Columbia County.

The facts of the case are stated in the opinion of the court.

*A. J. Henry, T. B. Oliver,* for Plaintiff in Error.

*William B. Lamar,* Attorney-General, for the State.

PER CURIAM.

The plaintiff in error, Alex Jones, was convicted at the Fall term of the Circuit Court of Columbia County, A. D. 1901, of an assault with intent to commit murder, and brings his case here by writ of error.

The first assignment of error is that the court erred in refusing to grant a continuance on defendant's application. The application was made on the ground of absence of a material witness, one W. G. Shealy, and an affidavit of the defendant was filed that the said Shealy had been subpoenaed at the instance of defendant and was in atendance at a previous term of court in response to the subpœna, when said cause was continued on account of the absence of a witness for the State; that the witness was absent without the procurement or consent of defendant, either directly or indirectly given; that the testimony of the witnes was necessary and material to his defense; that the application was not made for delay only, and defendant expected to procure the testimony of the witness at the next term of the court; that the witness was a resident of the County of Lee or Monroe in the State of Florida; that defendant could not safely go to trial without the testimony of said witness, and expected to prove by him the following facts, which he could not prove by any other witness known to the defendant, *viz*: "That on the night and at the alleged time of the shooting alleged to have been done some eight miles from Lake City, Fla., this defendant was then and there in the

constant employ of the witness, W. G. Shealy, from early
in the evening until a late hour in the night, at the place
of the said Shealy's business in the town of Lake City,
Florida, and then accompanied the said Shealy to his
home in said town, and could not possibly have been at
the place of the alleged shooting on the night or at the
time such shooting is alleged to have been done; that said
witness immediately after this defendant's accusation,
and frequently since, has told both affiant and affiant's
counsel that he would testify to said facts upon a trial of
said cause; that said witness was recently in Lake City,
and Columbia County, and was then informed by defen-
dant and defendant's attorney that he would be needed as
a witness in this behalf and then promised to return and
attend at this term of the court, but has failed to do so;
that said witness was never given leave directly or indi-
rectly by or for this defendant to absent himself from at-
tendance in said court in this behalf." The court denied
the application for continuance, on the following ground,
as set forth in the bill of exceptions, viz: "This being
Tuesday morning and the second week of court and the
absent defendant's witness not appearing any day of this
court, and said cause having been several times called and
no attachment being asked for up (to) this time for said
witness, and this cause having been on the docket for trial
since December 6th, 1899." An application for a con-
tinuance upon the ground of the absence of a witness
must show that the applicant has exercised due diligence
to procure the attendance of the witness. Shiver v. State,
41 Fla. 630, 27 South. Rep. 36. Such motions are ad-
dressed to the discretion of the court, and the action of
the trial court will not be reversed unless there has been
a palpable abuse of discretion, clearly and affirmatively

shown by the record. Ballard v. State, 31 Fla. 266, 12 South. Rep. 865; Bryant v. State, 34 Fla. 291, 16 South. Rep. 177. It must be assumed that the statement of the trial court in the present case, made in denying the motion, was fully warranted by the facts, as the contrary is not made apparent. That being so, it can not be said that there was an abuse of discretion in denying the motion, as the defendant did not exercise that degree of diligence that he might have exercised to obtain the presence of the witness, by applying for an attachment when the witness did not appear at the beginning of the term. The application made was for a continuance without asking for an attachment for an absent witness and our conclusion is not in conflict with what was held in Green v. State, 17 Fla. 669.

The second assignment of error is not argued and is, therefore, abandoned.

The third assignment of error is that "the court erred in permitting the witness W. H. Colson to testify over the objection of the defendant, as to threats of the defendant, Alex Jones, after the alleged offense." W. H. Colson, a witness on behalf of the State, after having testified that he heard the defendant make a statement in Lake City on or about the day of his committal trial concerning Jerry, the person against whom the assault was alleged to have been commited, was asked what he (defendant) said, and thereupon testified: "He said that if Jerry was out there he would kill him on first sight." He further testified that this was about eight or ten days after the alleged shooting. This testimony was objected to on the ground that it related to something that occurred after the shooting and was irrelevant and immaterial, and exceptions were duly reserved to the rulings of the

court permitting the questions, and denying a subsequent motion to strike out the testimony. The testimony objected to was properly permitted to go to the jury. Other testimony had previously been introduced tending to establish the presence of the accused when the crime charged was commited, and his connection therewith. The statement was a voluntary one on the part of the accused, tending to show extreme hostility on his part towards Jerry, the person assaulted, and was made within eight or ten days after the assault. It was but a repetition of a threat made before the assault was committed, with no intervening cause shown to give rise to it. A statement or declaration of a person charged with crime is not rendered inadmisible in evidence against him by the mere fact that it is made after the commission of the crime. The guilty intent of a party may be shown by his acts, conduct and declarations before, at the time of, or after the commission of a criminal act. State v. Lewis, 45 Iowa 20; Waldron v. State, 41 Fla. 265, 26 South. Rep. 701.

The fourth assignment of error is that "the court erred in sustaining the objection of the State to the question asked by the defendant to the witness Phillip Belvin, as to the necessary position of the party who did the shooting." The witness had testified to the position of Jerry at the time of the shooting, that he was lying on a bench near a window with his head inclined from the window, and the question was then propounded, "where would the hand and pistol of the party had to have been to shoot Jerry in the top of the head, inside or outside of the window?" The question was objected to by the State Attorney on the ground that it sought the opinion of the witness, and the objection was sustained. The witness

did not see the person who shot Jerry, nor the hand that held the pistol with which he was shot. Another witness testified to seeing a hand at the window holding a pistol at the time of the firing. There was no error in excluding the question. It was permissible to show the precise position of Jerry with respect to the window, and the jury could then draw its own conclusion as to whether or not he could have been shot on the top of the head from within or without. The opinion of a witness, except as to a matter regarding which expert testimony is competent, is not legitimate evidence as to any matter that may be reproduced before the jury. It is the province of the jury to deduce its own conclusion from facts of common experience, uninfluenced by the opinion of any witness on those facts, especially where as in this case such opinion is sought on facts given in the testimony of another witness. Mann v. State, 23 Fla. 610, 3 South. Rep. 207; State v. Parce, 37 La. Ann. 268; People v. Westlake, 62 Cal. 303; Brown v. State, 55 Ark. 593, 18 S. W. Rep. 1051; Dillard v. State, 58 Miss. 368; Foster v. State, 70 Miss. 755, 12 South. Rep. 822; Kennedy v. People, 39 N. Y. 245; Cooper v. State, 23 Tex. 331.

The only ground of the fifth assignment of error relied on is that the court erred in denying the fifth ground of the motion for a new trial. That ground was the giving of three several and distinct charges asserting distinct propositions of law, and no exception is taken to the charges other than incorporating them into the motion for new trial. If either one of the charges be correct we are precluded, under the rule established in this court, from examining the others. Eggart v. State, 40 Fla. 527, 25 South. Rep. 144; McCoggle v. State, 41 Fla. 525, 26 South. Rep. 734. The first one in reference to the presumption

of innocence taken in connection with what immediately precedes it on the same subject is correct, and, therefore, this assignment of error must fall. As we examine the charges no further than to ascertain that one is correct, we do not determine the correctness of the others.

The judgment will be affirmed, and it is so ordered.