LAND, J.
In the year 1890 the defendant was indicted for murder. He was not tried until July, 1905, and the result of the trial was a verdict of guilty of murder, without capital punishment, as charged in the indictment. Defendant was sentenced to imprisonment at hard labor for the period of his natural life, and has appealed, relying on two bills of exceptions, one to the admissibility of evidence to prove flight and the other to the charge of the court that proof of flight might be considered by the jury.
The contention of counsel for defendant is that the homicide was committed publicly and openly, and therefore that evidence as to flight was not admissible; citing State v. Melton, 37 La. Ann. 77.
It appears from the per curiam of the judge that the state proved the killing by two witnesses, and that the defendant took the stand as a witness in his own behalf and testified that the shooting was accidental. The per curiam further recites:
“It was shown that the accused immediately fled from the scene of the difficulty, went to a distant portion of the state and lived for more *374 than 15 years under an assumed name, when his identity was discovered, and he was arrested and placed on trial. These facts appeared from his own evidence.”
It does not appear from bill No. 1 what answer the state witness gave to the question : “What became of Ira Nash after the killing?” And hence it is not shown that the testimony objected to by defendant differed from his own as to flight.
It is contended by the state, first, that the ruling in State v. Melton, 37 La. Ann. 77, does not go to the extent claimed; and, second, that, if it does, the dictum was overruled in State v. Harris, 48 La. Ann. 1189, 20 South. 729, and in State v. Middleton, 104 La. 233, 28 South. 914.
In 37 La. Ann. 77, it appears from the syllabus and inferentially from the opinion that the defendant offered evidence in rebuttal explaining the flight, ánd excepted to its exclusion by the court. This court ruled that, under the circumstances of that particular case, when there was no controversy as to the fact that the deceased was killed by defendant, and the sole question was as to the establishment of excuse or mitigation, evidence as to flight was immaterial, and therefore, in the language of the opinion,“even if the ruling were erroneous, it did not prejudice the fair trial of the accused.”
In State v. Harris, 48 La. Ann. 1189, 20 South. 729, where evidence of flight was effered by the state,- this court said:
“The admissibility of the proof of flight, as •one of the presumptions of guilt, is not limited to secret crimes, as was contended by the accused on the trial. The proof is as admissible where the deceased was killed publicly, in the presence of witness, and the plea is self-defense, as where the crime was secretly committed.”
In State v. Middleton, 104 La. 233, 28 South. 914, this court held that an objection to testimony as to flight is not one of admissibility, as it necessarily goes to the •effect, and must be decided by the jury.
The only possible objection to the admissibility of evidence as to flight and evasion of arrest is on the ground of immateriality, a question which cannot be intelligently determined by the trial judge until the evidence for the defendant has been adduced. In State v. Austin, 104 La. 409, 29 South. 23, this court held that the prosecution in a murder case could adduce evidence of flight in opening the case.
In our opinion the testimony objected to by defendant was clearly admissible, and was material as tending to show that the homicide was intentional, and not accidental, as claimed by the defendant. It was for the jury to determine what effect should be given to the facts of flight and concealment.
The charge of the court was objected to on the sole ground that proof of flight was not admissible. In holding that such evidence was admissible we have disposed of this second bill of exception.
In conclusion, we may remark that, as defendant himself voluntarily testified to his own flight, he is not in a position to complain that one witness for the state testified on the same subject-matter.
For these reasons the judgment appealed from is affirmed.