ATLANTIC COAST LINE RAILROAD CO. v. E. M. BAYNARD.

151 So. 5.

Division A.

Opinion Filed October 31, 1933.

Rehearing Denied November 27, 1933.

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

*T. Paine Kelly,* for Plaintiff in Error;

*Oxford & Cutts,* for Defendant in Error.

ELLIS, J.—E. M. Baynard undertook to ship by way of the Atlantic Coast Line Railroad two carloads of grapefruit to Curtis and Company in Boston, Massachusetts, and prior to the 24th day of December, 1923, notified the Railroad Company to place for Baynard on the side track of the railroad, alongside the warehouse of Baynard, two cars for the shipment of the fruit. The Railroad Company placed one car promptly, but failed to place the second car until the night of December 24th, and at a time when it was not "possible for the said fruit to be loaded and delivered in the car of defendant (Railroad Company) until the next day." The car was loaded on the 25th day of December with 360 boxes of grapefruit, worth twelve hundred dollars in Boston at the place of delivery. The fruit was not delivered by the Railroad Company and Baynard sustained a total loss of the value of the fruit.

Baynard brought an action against the Company for damages for negligently failing to transport and deliver the shipment to the consignee and claimed a thousand dollars damages. There were three counts to the declaration. The second and third counts were held bad on demurrer.

The first count alleges that the defendant company received the carload of grapefruit for transportation and issued to plaintiff its bill of lading for the shipment. The declaration, which is an amended declaration, alleges that the bill of lading is attached to the declaration and made a part of it. The transcript of the record does not contain a copy of the bill of lading nor does it show that it was attached to the declaration.

The parties went to trial on the plea of not guilty to the first count. A second plea was also interposed averring that the plaintiff and defendant were both amenable to and bound by Rule XVII of the State Railroad Commission requiring a shipper desiring cars for freight carriage to make a written application for the cars stating therein the character of freight to be shipped, and if the application specifies a "future day" on which the shipper desires to make a shipment of fruit or vegetables that two days notice thereof shall be given; that the plaintiff failed to make the written application for the cars and did not give the two days notice, but the plea avers that the car was furnished within two days, so that the defendant complied with its duty in that regard.

The plea denies that the defendant received the car of grapefruit for transportation on the morning of December 25th, but on the other hand when the carload of fruit was tendered for transportation the plaintiff and defendant entered into a contract of shipment under the terms of which defendant limited its acceptance of the car of fruit for transportation to take effect in the morning of December 26th and not before; that between the time of the making of such agreement and the time when the "contract specified the transit should begin" the defendant was not in possession of the car as a common carrier, but if it had pos-

session at all it was as a warehouseman; that prior to the hour prescribed by the contract for the commencement of the transit of the car its contents were damaged by fire, which was caused through nothing attributable to the defendant, on the contrary the fire originated on the premises of the plaintiff, or premises under his control, and adjacent to the railroad tracks; that the fire spread and damaged the car and its contents; that due care was exercised by the defendant to protect the car and its contents from damage from the fire.

A demurrer to this plea was interposed by the plaintiff and the court entered an order that such portion of the plea as related to the Rule XVII of the Railroad Commission was bad because the bill of lading attached to the declaration showed that the shipment was in interstate commerce; that that part of the plea setting up an agreement whereby the defendant held the shipment as a warehouseman was bad because it "conflicts with the notation on the bill of lading itself." The court also held "that any defense which would be legally admissible under the said plea can be introduced under the defendant's first plea, that of not guilty."

An additional plea to the first count of the declaration was then interposed in which "the defendant reiterates all the allegations of fact set forth in the first plea." That plea was "not guilty," and "further says" that after the fire the plaintiff abandoned the fruit and defendant doing what it could to minimize the damage sold the fruit for one hundred and fifty dollars and tendered the same to the plaintiff, but he refused it.

A replication was interposed to that plea that the sum tendered was too small for the damage resulting from the defendant's wrongful act; that the tender was not made

good by paying the money into court, and the third was an argument that the plaintiff could not abandon the fruit because the defendant had taken it to transport it.

There was a verdict in favor of the plaintiff and the defendant took a writ of error to the judgment entered.

What issues were tried it is scarcely accurate to say that the pleadings disclose. The question here, however, is what material error has the plaintiff in error shown to exist in the record as disclosed by the transcript?

The duty is upon the plaintiff in error and its attorney to bring to the appellate court a correct transcript of the record in the trial court. Rodriguez v. State, 98 Fla. 1231, 125 South. Rep. 353.

Appellate courts indulge all reasonable presumptions in favor of the correctness of the judgment or decree appealed from. Osteen v. State, 92 Fla. 1062, text 1074, 11 South. Rep. 725; State v. Cornelius, 100 Fla. 292, 129 South. Rep. 752, text 758; Walker v. State, 93 Fla. 1069, 115 South. Rep. 96.

The transcript of the record should affirmatively show the existence of error if the judgment is to be set aside on account of the alleged invalid proceedings. The burden of making the error to appear is upon the person who complains of the judgment. That rule rests in sound reason and orderly procedure. The appellate court should not be required to search the record for points that may be lurking in it, but not duly and properly raised. Webster v. Fall, 266 U. S. 507, 45 Sup. Ct. Rep. 148, 69 L. Ed. 411; Stevens v. Tampa Electric Co., 81 Fla. 512, 88 South. Rep. 303.

Every doubt should be resolved in favor of the correctness of the ruling of the trial court and an appellate court in case of doubt should resolve such doubt in favor

of the trial court. See South. Home Ins. Co. v. Putnal, 57 Fla. 199, 49 South. Rep. 922; Sarasota Ice Co. v. Lyle & Co., 58 Fla. 517, 50 South. Rep. 993.

A statement made in the order of a trial court as to matter *in pais* will be presumed to be correct unless the contrary is made clearly to appear. Jones v. State, 44 Fla. 74, 32 South. Rep. 793.

If a statement is made in an order of the court as to a matter properly of record as to the contents of a pleading or an order previously made the presumption is just as great in favor of its correctness as if the order referred to a matter *in pais*. The person questioning the correctness of the order should make the error to appear by bringing to the appellate court a correct transcript of the record.

In the light of the above mentioned rules of decision in appellate practice, let us examine the record for the questions involved as pointed out in the brief.

The first count of the amended declaration states a cause of action for damages against the Railroad Company for negligently failing to transport and deliver a certain carload of grapefruit which the plaintiff had delivered to the Company for transportation. The plea of not guilty denied the wrong and injury. If the carload of grapefruit had never been delivered to the Company for transportation no wrong for failure to transport it was committed.

A demurrer was interposed to the second plea and the court upon considering it ordered the plea to be stricken. No motion appears in the record to strike the plea, yet the court's order recites that the cause came on to be heard on the plaintiff's motion to strike the plea.

No error is apparent in granting that motion. The plea was utterly inappropriate except insofar as it averred that the written contract entered into between the parties, which

is referred to as the "contract of shipment" in the plea and the "bill of lading" in the declaration, expressly limited the defendant's acceptance of the carload of fruit for transportation to the morning of December 26th, and that the fruit was destroyed or injured by fire "prior to the hour prescribed by the said contract of affreightment for the commencement of the transit of said car." That portion of the plea distinctly presents a question of the construction of the contract. The point might have been presented by a demurrer, as the bill of lading or contract of affreightment, so the declaration recites, was attached to the declaration and made a part of it.

The court in effect held that the point was not good as the "contract of affreightment" would bear no such construction. The contract does not appear in this record as attached to the declaration. The plaintiff fails to make that alleged error to appear and as the presumption is in favor of the correctness of the court's ruling that point is not even lurking in the record.

That portion of the plea referring to State Railroad Commission Resolution XVII is obviously of no relevancy because the declaration does not rest on failure of the defendant to furnish a car, but on a negligent failure to transport a loaded car. The remaining portion of the plea, consisting of the averment that the damage to the fruit by fire occurred prior to the time when the relationship of shipper and carrier between the plaintiff and defendant commenced, was matter admissible under the general issue. So no error appears in striking the plea.

The additional plea filed October 14, 1931, which, to quote its first line, "reiterates all of the allegations of fact set forth in its first plea to the said count," which first plea was a plea of "not guilty," interposes a defense in no

wise responsive to the case made by the declaration. The abandonment of the fruit by the plaintiff, the defendant's effort to reduce the loss by selling it to the best advantage and the tendering of the proceeds of the sale to the plaintiff, had no relation to a case where the defendant as a carrier had received goods for transportation and negligently failed to deliver them which was the case made by the declaration. The defense that the defendant's liability was that of a warehouseman had not been successfully presented, and if, it had been the plea fails to aver that the fire, the damaging agent in the destruction of the fruit, was not of the defendant's negligence. The reply to that plea was equally out of place. That the tender was of an insufficient sum, and if the court should hold that it was sufficient then it was not made good by payment into court, and that the plaintiff did not abandon the fruit because he could not do it as the defendant had it for transportation, are the allegations and petitions of the replication. The parties went to trial on the "issues joined."

One issue that was joined, that which was made by the declaration and the plea of not guilty, was clear and the evidence abundantly supported it in behalf of the plaintiff.

No error has been made to appear in the record in this case, so the judgment should be affirmed.

After the case was argued and submitted and opinion prepared, there arrived at this Court the original bill of lading issued by the Railroad Company to the plaintiff for the carload of grapefruit. The paper is attached to a certificate by the Clerk that it is a "true and correct copy of the original Bill of Lading admitted and offered in evidence as Plaintiff's Exhibit No. 1 at the trial."

The paper does not appear to be a copy, but is an original or duplicate original. The bill of exceptions does not.

by any reference identify the paper as a document which was introduced in evidence. No reference is made to plaintiff's exhibit No. 1, or to any exhibit. The only reference to a paper of the character attached to the Clerk's Certificate was a question by Mr. Cutts, attorney for the plaintiff, in which the following statement was made: "I exhibit to you an original bill of lading, issued by the defendant to the plaintiff, dated December 25, 1933. Please state if you received that bill of lading in the usual course of dealing with the defendant railroad company about the shipment of fruit. A. That is the original bill of lading. Q. State if this fruit was loaded in the car, F. G. E. X. 43526, under your supervision and whether you personally know that it was loaded with 360 boxes of grapefruit." The answer was affirmative.

There is nothing to show that the bill of lading was introduced in evidence, marked as an exhibit or read to the jury, as indeed there was no necessity for doing so, as it constituted a part of the declaration and was attached to it. It was part of the pleading and its existence was admitted. There was therefore no necessity for introducing it in evidence.

The judgment of the court is affirmed.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.

BROWN, J., dissents.

BROWN, J. (dissenting).—I think the court erred in striking the second plea.