O. E. TANNER (Also known as Ora Ellen Turner), a *feme sole*, v. MARY W. BATSON, *et vir.*, and LUTHER W. JONES, as Trustee in Bankruptcy for W. J. Turner.

166 So. 545.
Division B.
Opinion Filed March 12, 1936.

*Thompson, Aikin & Brock* and *Ellis & Watson,* for Appellant;

*Cook & Harris, John D. Harris, U. C. Barrett* and *Booth & Dickinson,* for Appellees.

BUFORD, J.—The appellant is O. E. Tanner, defendant in the court below in a foreclosure suit in which final decree was entered against her after decree *pro confesso* had been duly entered for failure to appear, plead or to otherwise answer the bill of complaint.

The appellant propounds three questions, which by her solicitors she asserts are to be determined here, as follows:

"First. May a final decree of foreclosure of mortgage securing payment of a note be properly entered in favor of an alleged endorsee of the note without either production of the original note before the Chancellor or a satisfactory reason established for its absence, more particularly where plaintiff's bill expressly alleges that he 'is the owner and holder of said note' and lays no ground for its re-establishment as a lost or destroyed instrument?

"Second. Is the amount of a reasonable attorney's fee for the foreclosure of a mortgage properly proven at final hearing by introduction into evidence of the affidavit of a licensed, practicing attorney at law which affidavit limits the factual basis for affiant's opinion of amount of a reasonable fee to an examination of the files and records of the cause?

"Third. Where a final decree of foreclosure of a mortgage fixed the amount required for redemption of the mortgaged premises and confirmation of two successive sales thereunder was subsequently refused upon the ground of such gross inadequacy of bid as to shock the Chancellor's

conscience and a third sale was then made for the identical sum bidden at the last preceding sale, to which the same objection was again interposed, was an order of confirmation of such last sale proper, the Court *eo instante* vacating its final decree to the extent of the difference between the amount of such unconscionable bid and the amount required for redemption by the final decree?"

It is not made affirmatively to appear that the original note executed by defendant and her husband (she being a married woman when the note and mortgage were executed), and to secure the payment of which the mortgage was given, was not produced before and exhibited to the Chancellor as proof of the obligation. The presumption is in favor of the validity of the decree and of the regularity in all things needful for its lawful entry.

Therefore, in absence of proof to the contrary, we assume that the original note was presented and a copy thereof substituted in the record in lieu of the original in conformity with the stipulation appearing of record as having been entered into between the complainant and an intervenor. See Williams and Clerk v. Phiel, 60 Fla. 272, 53 Sou. 638; Atlantic Coast Line R. R. Co. v. Baynard, 112 Fla. 544, 151 Sou. 5.

Aside from all this, however, the record shows that the original mortgage was introduced in evidence and it contained an unequivocal and unconditional promise to pay the debt secured by the mortgage and the record also shows an original assignment of the mortgage and the note to the complainant. So there is no merit in the contention made.

The contention presented by the second question has been abandoned.

There is no merit in the contention presented by the third question. The record shows that the mortgaged property

sold, the first time under the decree and the sale was set aside because the court considered the price inadequate.

A second sale was set aside and a third sale was ordered and made. At the third sale the complainant bid the same amount of her high bid at which she had been the purchaser at the second sale and she was then at the third sale the highest and best bidder. The intervenor, who is not the appellant here, filed objection to the confirmation of the third sale. The sale was confirmed and the complainant stipulated that the Chancellor should write into the decree of confirmation the following:

"It Is Further Ordered, Adjudged and Decreed that the balance due on said final decree over and above the amount bid for the premises as this day confirmed by the Court be and the same is hereby satisfied, cancelled and annulled, and that there is nothing further due from the defendant, O. E. Tanner, to the plaintiff in this cause on said final decree."

And also the following:

"It Is Further Ordered, Adjudged and Decreed that this Court does hereby confirm the oral stipulation entered into between solicitors for plaintiff and solicitors for Luther W. Jones, as Trustee in Bankruptcy for W. J. Tanner, Bankrupt, the intervening defendant herein, whereby the confirmation of this sale is agreed upon the express terms that the judgment heretofore rendered on the law side of this Court on November 9, 1933, in the amount of Eleven Thousand One Hundred Eighty-six Dollars and Sixty-six Cents ($11,186.66) and costs against W. J. Tanner, one of the makers of the mortgage which is the subject matter of this cause, shall be cancelled of record, and this Court does, pursuant to this stipulation, hereby cancel, satisfy and ex-

:tinguish the lien of this said judgment of record and cancel said judgment itself."

If any error occurred in the entry of the order complained of, it did the defendant no harm or injustice and she is in no position to complain.

So the decree and orders appealed from are affirmed.

So ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.