118 So.2d 21 (1960)
FLORIDA POWER AND LIGHT COMPANY, a Corporation, Petitioner,
v.
Rita S. AHEARN, Respondent.
Supreme Court of Florida.
February 17, 1960.
*22 Fleming, O'Bryan & Fleming, Fort Lauderdale, for petitioner.
Fowler, White, Gillen, Humkey & Trenam, Cody Fowler and James O. Davis, Jr., Miami, for respondent.
O'CONNELL, Justice.
Petitioner, the Florida Power & Light Company, seeks review of the decision of the District Court of Appeal, Second District, reversing the final summary judgment of the lower court for petitioner, and of the court's order denying petition for rehearing. Petitioner contends that the decision is in conflict with the established appellate law of this state and specifically with certain, named cases. Petitioner asserts that the district court of appeal's conflict lies in view of the fact it expressly assumed that the trial court committed error.
Petitioner was defendant in the trial court in an action brought by respondent, Rita S. Ahearn, for damages due to the death of her husband by electrocution.
The decedent was the construction superintendent of the sub-contractor in charge of pile driving operations necessary for the construction of a culvert beneath a state highway. It was necessary to utilize the services of a crane. Decedent was responsible for directing the operation of the crane, which was on the highway. Decedent, holding the end of the cable from the boom of the crane, motioned the crane operator to bring the crane forward. An uninsulated high voltage wire of the defendant was suspended some 30 feet above the highway, traversing it. With his back to the crane, decedent walked beneath this *23 wire. When the crane's boom approached, the operator, undirected by decedent, raised the boom. An electrical charge from the wire traveled through the boom and its cable, which was still held by decedent. The decedent was electrocuted.
At the trial, during plaintiff's case in chief, for the sake of convenience and brevity and with the consent of the court and of the plaintiff, defendant made three of plaintiff's witnesses its own. Plaintiff cross-examined these witnesses as to their testimony for the defendant.
At the conclusion of plaintiff's case in chief, defendant, petitioner here, moved for a directed verdict on the ground, among others, that it affirmatively appeared the decedent was guilty of negligence which proximately caused or contributed to cause the accident resulting in his death. This motion was argued for a period in excess of one hour and the court, the following morning, announced its intention to direct a verdict for the defendant "upon the prime grounds that John T. Ahearn was guilty of negligence which proximately caused, or contributed to cause, his own death."
The jury was called in and the court said to them:
"Lady and gentlemen of the Jury, the Court is about to direct you to return a verdict in favor of the Defendant. As you will recall, the Plaintiff has finished presenting the testimony favorable to her side of the case. And at this time it becomes the duty of the Court to review that testimony.

"The Court has done so and found that the evidence is such that under no view which it may lawfully take of that evidence and of the reasonable inferences arising therefrom favorable to the Plaintiff should a verdict for her be sustained. * * *" (Emphasis added.)
The court then commented on its findings as to decedent's responsibilities and activities, saying:
"* * * And, by his causing the crane to be rigged in that area [the area of defendant's high voltage wire], or failing to prevent it from being rigged in that area, the law says then that he is guilty of negligence which proximately contributed to cause his own injury."
The court concluded with an expression of its reluctance to remove the case from the jury's consideration, commenting upon the "precious" right of jury trial. A final judgment was then entered by the court upon defendant's motion for directed verdict.
Plaintiff appealed to the district court of appeal, raising three points: (1) whether the trial court properly directed verdict for the defendant at the end of plaintiff's case in chief in view of the fact the court had heard the testimony of three of defendant's witnesses taken out of turn; (2) whether plaintiff had made out a prima facie case of negligence against the defendant; and (3) whether the decedent was guilty of negligence which proximately contributed to cause his own death.
The district court of appeal reversed the trial court on the first point involved in the appeal and therefore found consideration of the other two points not essential.
In its opinion, the district court of appeal noted that the testimony of defendant's three witnesses was adverse to the plaintiff's case. It then referred to § 54.17, F.S.A., which provides in effect that a verdict may be directed for a defendant either at the conclusion of the plaintiff's case in chief or at the conclusion of the presentation of all the evidence of the parties.
It was then argued by the court that the plaintiff was denied opportunity to offer rebuttal testimony to that of the witnesses for defendant. It said cross-examination *24 of such witnesses by the plaintiff was not equivalent to a right of rebuttal. The court concluded:
"Consequently, since the directed verdict was not restricted to the evidence of the plaintiff's case in chief, the trial judge committed reversible error, with the result that the case must be remanded for a new trial. * * *" [113 So.2d 754.]
Defendant then petitioned the district court of appeal for rehearing, stressing the argument that there was no proof in the record that the trial judge had considered the testimony of the defendant's witnesses taken out of turn. This petition asserted that it was accepted practice to take witnesses out of turn and the district court of appeal's decision would have the effect of holding that a defendant waives his right to a directed verdict upon taking a witness out of turn, regardless of the cost and inconvenience to the witnesses, parties, and the court.
In response to this petition, the appellate court entered the following order:
"It is not determinable from the record that the trial court, in reaching his decision, ignored the testimony of the three witnesses who were taken out of turn on behalf of the defendant, which testimony involved the issue of contributory negligence and was adverse and unfavorable to the plaintiff. The petition for rehearing is denied."
Defendant's petition for writ of certiorari maintains that this decision and order of the district court of appeal conflict directly with the established doctrine in the appellate law of this state to the effect that the judgment of the lower court is presumed to be correct and free from error. The petition asserts that cases affirming this doctrine are legion. Cited as representative are Blige v. State, 1884, 20 Fla. 742, 51 Am.Rep. 628; Stevens v. Tampa Electric Co., 1921, 81 Fla. 512, 88 So. 303; Atlantic Coast Line R. Co. v. Baynard, 1933, 112 Fla. 544, 151 So. 5, and Chase v. Cowart, Fla. 1958, 102 So.2d 147. We find that these cases are representative of the doctrine and, in view of its firm establishment and frequent application, we find it unnecessary to give further citations in support of such doctrine. Further, it is our conclusion that the decision of the district court of appeal is in direct conflict with these and other cases advocating such doctrine.
It is obvious that the district court of appeal acted upon the assumption that the trial court erroneously considered the testimony of the defendant's witnesses taken out of turn.
The assumption of the district court of appeal would be supportable factually only if it could be said that in no case could the plaintiff's evidence support the trial court's conclusion that the decedent had been guilty of contributory negligence. It would appear that such is not the case. The evidence seems to establish that decedent, although in charge of directing the movements of the crane, failed to insure that the crane pass beneath the high voltage wire safely and negligently permitted one under his supervision, the crane operator, to cause the fatal accident by raising the boom prematurely. However, we do not presume to hereby determine plaintiff's third point on appeal, whether decedent was in fact guilty of contributory negligence.
Further, we find nothing in the testimony of the defendant's witnesses, merely judging from that meager portion of such testimony which is before us in this proceeding, which standing alone establishes such contributory negligence or even materially aids in such establishment. Nor would it appear that such testimony was so highly inflammable or prejudicial to the plaintiff that it would have been difficult or impossible for the trial judge to disregard it in his consideration of defendant's *25 motion for directed verdict at the conclusion of plaintiff's case in chief.
We are in accord with the defendant's observation that the effect of the district court of appeal's ruling is to shift the burden on appeal from the appellant to the appellee. Also, we are inclined to agree with the defendant's comment that it would be a sad commentary on a system of jurisprudence which would presume on the one hand that a panel of jurors could comply with instruction by the court to disregard certain testimony found to be inadmissible, but on the other hand would presume that a trial judge had no ability to disregard certain testimony.
It is with great reluctance that we rule that the esteemed district court of appeal was in error. Yet we cannot do otherwise in view of the court's decision clearly based upon a presumption that the trial court committed error.
Plaintiff's appeal to the district court of appeal was based upon three points. That court considered only the first of those points and plaintiff, respondent here, prays this Court order the transfer of the entire record in the district court of appeal to this Court so that we might give consideration to the remaining two points. Plaintiff is entitled to have those points considered by an appellate court; the proper court to give such consideration is the district court of appeal, not this Court. Consequently, rather than granting this motion, we should and do remand this cause to the district court of appeal for further consideration. King v. King, Fla. 1959, 111 So.2d 33; Van Fleet v. Lindgren, Fla. 1958, 107 So.2d 381.
Accordingly, the decision of the district court of appeal is hereby quashed and the cause remanded for consideration of the remaining two points raised on appeal.
It is so ordered.
THOMAS, C.J., TERRELL, HOBSON, ROBERTS and DREW, JJ., and GILLIS, Circuit Judge, concur.