CALDWELL, Justice.
This cause is before us on petition for writ of certiorari to review a decision of the District Court of Appeal, First District,[1] asserted to be in conflict with State v. O’Neal, 174 So.2d 564, 565 (Fla.App.2d 1965), Atlantic Coast Line Railroad Co. v. Baynard, 112 Fla. 544, 151 So. 5 (1933) and Jones v. State, 44 Fla. 74, 32 So. 793, 794 (Fla.1902).
Respondent pleaded guilty to, and was convicted of, assault with intent to commit murder. Subsequently, on November 9, 1963, respondent filed an “amended motion” to vacate sentence and judgment in the Circuit Court. The motion was denied by the trial court in an order stating: “The same question was presented to this court by the same defendant in a prior motion” which had been denied August 5, 1963.
Respondent appealed from the order denying the amended motion for vacation of judgment and sentence. The record presented to the appellate court did not include a copy of the first motion for vacation of judgment and sentence upon which the Circuit Court based its ruling.
The District Court reversed and remanded with directions to grant a prompt hearing on the motion. The court stated that either party had the right to have included copies of the prior motion and order in the transcript of record and that the failure to do so prevented the court from determining the question of whether the lower court properly dismissed the amended motion. Precedent requires us to disagree and hold that, in such circumstance, the statement of fact by the trial judge must be accepted.
In State v. O’Neal, supra, the order sought to be reviewed contained an asser *418 tion that the prosecution under the information quashed had previously been abandoned or dismissed by the State but the record submitted contained neither conclusive support nor contradiction of such assertion. The court, affirming the trial court, held:
“In the absence of all the record that was adduced below, we must accept the circuit judge’s statement in the order * .”
In Atlantic Coast Line Railroad Co. v. Baynard, supra, this court held that where the alleged error is not made to appear in the record, the presumption in favor of the correctness of the court’s ruling requires that the issue be resolved against the appellant.
In Jones v. State, supra, this court held it must be assumed that the statement of the trial court made in denying the motion for continuance was fully warranted by the facts if the contrary was not made apparent.
We adhere to the principle of law enunciated in the above cited cases. Certiorari is granted, the decision of the District Court of Appeal is quashed and the cause remanded for further proceedings not inconsistent herewith.
It is so ordered.
THORNAL, C. J., and THOMAS and ROBERTS, JJ., concur.
ERVIN, J., dissents with opinion.

. 173 So.2d 723 (Fla.App.1st 1965).