394 So.2d 220 (1981)
Alan T. BARBER and Ruth R. Barber, As Trustees of the Barber Industries, Inc., Profit Sharing Plan and Trust, Formerly Barber Block Plant, Inc., Profit Sharing Retirement Trust, Appellants,
v.
Brice W. EHRICH, Appellee.
No. 80-464.
District Court of Appeal of Florida, Fifth District.
February 25, 1981.
Terry D. McKnight, Zephyrhills, for appellants.
John Franklin Johnson, Jr., Bushnell, and Richard McGee, Brooksville, for appellee.
COBB, Judge.
This case involves a question of whether the trial court erred in granting a new trial.
The appellants (the Barbers) instituted a mortgage foreclosure action against the appellee (Ehrich). In their complaint, the Barbers alleged that Ehrich had executed a first note to the trust on November 4, 1974, and that he had subsequently executed a second note, along with a mortgage that was recorded, on January 6, 1975. A copy of the November 4, 1974, note and the alleged January 6, 1975, mortgage were attached to the complaint, but no copy of the alleged January 6, 1975, note was attached. Ehrich raised the affirmative defense of minority.
A non-jury trial was held and the trial court entered judgment for the Barbers and ordered the sale of the mortgaged realty if the judgment was not paid. Ehrich moved for a rehearing and the trial court granted a new trial on the grounds that: (1) the note dated November 4, 1974, was executed when Ehrich was a minor and the Barbers had failed to re-establish the allegedly lost note dated January 6, 1975; and (2) the Barbers had failed to submit evidence that Ehrich knew or had been advised when the alleged new note and mortgage were executed on January 6, 1975, after reaching his majority, that he was not legally liable for the first note. The Barbers have appealed that order granting a new trial.
*221 In accordance with Florida Rule of Appellate Procedure 9.200(b)(3), both parties filed statements of evidence in lieu of a transcript and had the trial court resolve any conflicts. The statements, as approved by the court, show that three witnesses testified at the trial.
Alan Barber testified that in October or November of 1974, he was approached by Louis Ehrich, father of the appellee, who asked Barber for a loan of $15,000 and told Barber that he could secure the loan with a mortgage on real property that he had given to his son. Barber agreed to make the loan using the real property as collateral. The loan was closed on November 4, 1974. At that time, $15,000 was delivered to Louis Ehrich, and the appellee executed a promissory note for $15,000 and a mortgage on the real property. Prior to the consummation of this transaction, Louis Ehrich advised Barber that the appellee had not reached the age of majority and thus neither the note nor the mortgage were recorded. On January 6, 1975, the appellee, who had then reached the age of 18, returned to Barber's offices and executed a new note and mortgage containing the same terms as the note and mortgage that had been executed on November 4, 1974. This second note and mortgage were executed in the presence of two witnesses and a notary public, and the mortgage was recorded. The second note was subsequently lost. No payments were made on the note and mortgage, and it was declared to be in default.
Barbara Howard, notary public, testified that the second note and mortgage had been executed in her presence on January 6, 1975.
The appellee testified that he had acquired the real property involved in this case as a gift from his father in January of 1973. He attained the age of 18 on December 31, 1974. In October of 1974, he was approached by his father, who explained to him that he needed money and wanted to use the real property as collateral for a loan. The appellee consented and on November 4, 1974, he accompanied his father to the Barbers' offices, where he signed the note and mortgage dated November 4, 1974. He personally did not receive any consideration for the note and mortgage. In about a week or ten days after the original execution of the note and mortgage, he returned to the Barbers' offices and initialled the note and mortgage. He did not sign any note or mortgage after reaching the age of 18. He had not made any payments on the note and mortgage, or in any way ratified or acknowledged the obligation to be his. With respect to the note dated November 4, 1974, the appellee maintained that the note was invalid and unenforceable on his defense of minority. With regard to the certified copy[1] or the mortgage dated January 6, 1975, the appellee objected to it as being unauthentic and altered.
With regard to the first reason for the trial court's granting of a new trial, the Barbers contend that they had re-established the note dated January 6, 1975, since they had introduced the mortgage dated January 6, 1975, which set forth the terms of the note. They rely upon Lenfesty v. Coe, 34 Fla. 363, 16 So. 278 (1894); and Tanner v. Batson, 123 Fla. 240, 166 So. 545 (1936).
Pursuant to section 673.3-804, Florida Statutes, the owner of an instrument which is lost may maintain an action and recover upon the instrument upon proof of his ownership, proof of the facts which prevent his production of the instrument, and proof of the terms of the instrument. The question of sufficiency of proof of loss of the note sued upon rests largely within the discretion of the trial court. Brunswick Corp. v. Briscoe, 523 S.W.2d 115, 17 U.C.C.Rptr. 818 (Mo. App. 1975). The cases relied upon by the Barbers would support a finding by the trial court that the note existed based upon an undisputed mortgage containing the terms of the note. However, in the instant case, the mortgage that was used to establish the terms of the *222 allegedly lost note is controverted and challenged as to authenticity and alteration of its original terms. Indeed, it is clear from an inspection of the mortgage introduced at trial that it has been altered by whiting out the word "November" and substituting the word "January," and also changing the year "1974" to "1975" in three different places. The inference is available that only one note and one mortgage document ever existed (the note dated November 4, 1974, and the mortgage dated November 6, 1974), the mortgage document was later altered to show the date of January 6, 1975, and the mortgage document was initialled "B.W.E." at sometime subsequent to the original execution. Under these circumstances, we do not believe that the trial court abused its broad discretion in granting a new trial on the first basis recited in the order appealed. See Cloud v. Fallis, 110 So.2d 669 (Fla. 1959).
For the reasons set forth above, we need not decide, and do not consider at this time, the correctness of the trial court's second stated basis for granting a new trial. Therefore, on the basis of the first ground recited in the trial court's order granting a new trial, we affirm and remand for further proceedings consistent with this opinion.
AFFIRMED.
DAUKSCH, C.J., and FRANK D. UPCHURCH, Jr., J., concur.
NOTES
[1] Although the reference is to a certified copy of the mortgage, the document in evidence appears to be the original.